M. L. PENDERGAST, Defendant in Error, v. E. S. HODGE, Plaintiff in Error.

St. Louis Court of Appeals, February 23, 1886.

1. APPELLATE PRACTICE—REVERSALS.—A judgment will be reversed for errors apparent on the face of the record proper, although the evidence is not preserved in the bill of exceptions.

2. JUDGMENTS—EXCESS OVER CLAIM. — A judgment for one hundred and forty-seven dollars against the defendant and his surety on appeal from a justice, the penalty of the bond being seventy-five dollars, in a suit for a claim of ninety dollars, can not be allowed to stand.

3. —— REMITTITUR.—In such a case a *remittitur* will not be permitted in the appellate court, but the cause will be remanded.

ERROR to the Dunklin County Circuit Court.

*Reversed and remanded.*

HOUCK & KEATON, for the plaintiff in error.

FINNEY & ELY, and J. L. & F. P. BLAIR, for the defendant in error.

ROMBAUER, J., delivered the opinion of the court.

In this cause there is no bill of exceptions. The testimony is not before us, neither are the motions for new trial and in arrest of judgment, although incorporated in the record, as they are not preserved by bill of exceptions. *United States v. Gamble*, 10 Mo. 457 ; *Christy v. Myers*, 21 Mo. 112.

The only point for our consideration is, does the record proper sustain the judgment ?

The suit was instituted before a justice of the peace for the possession of two horses and one wagon, of an aggregate stated value of eighty dollars, and damages for their detention stated at ten dollars. No bond was filed before the justice, and the defendant remained in possession of the property. The justice rendered judgment for the plaintiff for thirty dollars and costs.

From this judgment the defendant appealed, and gave a recognizance with sureties in the penal sum of seventy-five dollars. On the trial anew in the circuit court, judgment was rendered against the defendant and his sureties for an aggregate sum of one hundred and forty-seven dollars, of which, as the entry recites, ninety-seven dollars represents the value of the property, and fifty dollars, damages for its detention.

This judgment was rendered in face of the facts, that the value of the property was claimed by the plaintiff, herself, in her statement, to be only eighty dollars ; the damages to be only ten dollars, and the penalty of the recognizance, which limited the sureties' liability, was only seventy-five dollars.

The defendant claims that the justice had no jurisdiction in the premises, because no affidavit was filed, accompanying the plaintiff's statement. The justice's transcript shows that the statement, which is otherwise sufficient, was accompanied by an affidavit, and the affidavit of the justice is annexed to his transcript, stating that such affidavit was duly made by the plaintiff's attorney, was filed in the cause before summons issued, but was mislaid and could not be found. This claim of the defendant is, therefore, not borne out by the record.

The defendant also claims that the judgment of the circuit court is illegal and irregular in this, that it is in favor of the plaintiff in excess of the value stated and damages claimed, and against the surety in excess of the penalty of the recognizance.

That this claim is well founded is too plain for argu-

ment, and is in fact conceded by counsel for the plaintiff, who are willing to enter a *remittitur* in this court of all sums exceeding ninety dollars from the judgment against the defendant and of all sums exceeding seventy-five dollars from the judgment against his surety.

We have, heretofore, permitted such *remittiturs* to be entered in this court, where it was clear that the judgment for the residue was for the right party. But where the fragmentary record of a trial abounds in errors, as it does in this case, it would be a violent presumption to hold that the cause was otherwise correctly tried, and we think that the purposes of justice demand that the cause be remanded.

The judgment is reversed and the cause remanded. All the judges concur.