J. T. S. BROWN *et al.*, Respondents, v. ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 23, 1897.

1. **Trial By Court of Issue of Fact, Without Waiver Of Jury:** MOTION IN ARREST. Where a cause, involving an issue of fact, was tried before the court, and neither the judgment entry nor the minutes of the court showed that a jury was waived, it was error to overrule a motion in arrest of judgment on that ground.

2. **Evidence:** ADMISSIBILITY OF COPY OF LETTER IN ABSENCE OF ORIGINAL. A copy of a letter, the original of which was not within the control of either of the parties to the suit, nor within the jurisdiction of the court, was properly admitted in evidence.

3. ———: ADMISSIBILITY OF COPY OF TELEGRAM, AND BILL OF LADING: HARMLESS ERROR. In an action for recovery of the alleged value of goods shipped over defendant's road, and delivered by its agent against plaintiffs' orders, the admission in evidence of a telegram received by defendant, for the production of the original of which no notice was given, and of a bill of lading, presumably in the possession of the consignee, without service on him of a *subpoena duces tecum*, was error, though harmless error, where defendant's freight agent admitted in a letter, in evidence, that defendant had received the goods for shipment, and that defendant's agent at the point of destination had wrongfully delivered them to the consignee after notice from defendant not to do so.

*Appeal from the Lawrence Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*L. F. Parker* and *J. T. Woodruff* for appellant.

The evidence of both J. T. S. Brown and E. L. Burbank shows that the bill of lading and the telegram were of easy access, and yet the court permitted the contents of both to be proven by copy. This was error. 7 Am. & Eng. Ency. Law, pp. 87, 88.

The delivery of goods by a vendor to a common carrier for transportation to the purchaser, passes the title to the purchaser, and the carrier is obliged to deliver the goods to the owner. *State v. Winfield*, 115 Mo. 428; *Comstock v. Affoelter*, 50 *Id*. 411.

The last remedy which an unpaid vendor has against the goods is stoppage *in transitu*, and this right can be exercised only when the vendee has become insolvent after the shipment. *Garden Cul. Co. v. R. R.*, 64 Mo. App. 305; *Schuster v. Carson*, 44 N. W. Rep. 734; Hutch. on Car. [2 Ed.] 413; 23 Am. & Eng. Ency. Law, 923; *Walsh v. Blakely*, 9 Pac. Rep. Mont.) 809.

The court erred in trying the case without a jury. *Brooks v. R. R.*, 111 Mo. 168.

*A. V. Darroch* for respondent.

The declarations of an agent are admissible in evidence against his principal, when he is engaged in a part of the transaction for his principal at the time. *Bevis v. R'y,* 26 Mo. App. 19; *Hawk v. Applegate,* 37 *Id.* 32.

While the delivery of goods to a common carrier for transportation passes the title to the purchaser, yet the same is always subject to the right of stoppage *in transitu. Comstock v. Affoelter,* 50 Mo. 411.

All the conditions necessary to the exercise of this right existed in this case. Tiedeman on Sales, sec. 127, and cit.

The court could easily find from the evidence that Madden was insolvent. *Grocer Co. v. Miller,* 53 Mo. App. 107–111.

BIGGS, J.—This is an action for the recovery of money. The defendant appeared to the action. The trial resulted in a judgment for the plaintiff. The defendant has appealed.

The record shows a trial before the court, but neither the judgment entry nor the minutes of the court show that a jury was waived. The TRIAL by court of issue of fact without waiver of jury: defendant moved to arrest the judgment on that ground, and the circuit court overruled the motion. In this the court committed error. The statute provides that an issue of fact in an action for the recovery of money must be tried by a jury, unless a jury trial be waived or a reference ordered in the manner provided by law. Sec. 2131, R. S. 1889. Section 2133 of the statute provides how a jury trial may be waived; that is, *first,* by making default; *second,* by written consent, filed with the clerk; *third,* by oral consent in court, entered

on the minutes. In construing these sections the supreme court has held that a waiver of a jury trial must be shown in one of the statutory methods, otherwise the judgment is defective, and the error being one of record advantage is properly taken of it by motion in arrest. *Briggs v. R. R.*, 111 Mo. 168. The ruling is sustained by *Vaughn v. Scade*, 30 Mo. 600. It follows that the judgment must be reversed.

In view of a probable retrial it is proper to notice other assignments of error.

The plaintiffs live in the state of Kentucky. They shipped the whisky in controversy to one J. R. Madden, who lives at Monett, a station on the defendant's railroad in this state. The plaintiffs delivered the whisky to the Louisville, Evansville & St. Louis Consolidated Railroad Company. This company transported the goods to St. Louis, and then delivered them to the defendant. After the shipment of the whisky but before its delivery to Madden, the plaintiffs were informed that Madden was insolvent. They attempted to stop the goods in transit. They claimed that the defendant wrongfully delivered the goods to Madden after it had been notified to hold them for further advice. The deposition of J. T. S. Brown was taken in the state of Kentucky. He identified a paper as a copy of the original bill of lading, and it was attached to his deposition. The deposition of the freight agent of the Louisville, Evansville & St. Louis Consolidated Company was also taken. This witness identified a paper which purports to be a copy of a telegram from his company to defendant directing the latter to hold the shipment until further orders. He also identified what purports to be a copy of a letter to his company from the general freight agent of the defendant, concerning the shipment. As to this letter the witness testified that the original was on file in the office of his

company, and that it could not be withdrawn. Against the objections of the defendant these exhibits were read in evidence without further proof.

The admission of the copy of the letter from the defendant's freight agent was competent. There was evidence to show that the original was not within the control of either of the parties to the suit, nor within the jurisdiction of the court. This sufficiently accounted for its absence, and would even have authorized the admission of parol evidence of its contents had not better evidence been at hand. It is clear that the circuit court did right in admitting the copy. *Brown v. Wood*, 19 Mo. 475; *Harvey v. Herriman*, 39 Mo. App. 214.

ADMISSIBILITY of copy of letter in absence of original.

The admission in evidence of the copies of the bill of lading and the telegram was error. The telegram as received by the defendant was the best evidence against it. There should have been a notice to produce it. The original bill of lading is presumably in the possession of Madden. He lived within the jurisdiction of the court and a *subpoena duces tecum* should have been served on him. But the admission of this evidence was harmless, for the reason that the freight agent admitted in his letter that the defendant had received the goods for shipment, and that the defendant's agent at Monett had wrongfully delivered them to Madden after receiving notice not to do so. The plaintiffs also introduced evidence tending to prove that the agent at Monett admitted that he delivered the goods to Madden after the receipt of an order from his company not to do so.

ADMISSIBILITY of copy of telegram and bill of lading: harmless error.

Other errors are assigned, which we will not discuss, as we deem them to be without merit. For the error pointed out the judgment will be reversed and the cause remanded.

All the judges concur.