S. H. BURRIS, Respondent, v. BANK OF BUFFALO, Appellant.

70  675
79  321

Kansas City Court of Appeals, May 3, 1897.

1. **Banks and Banking**: AGENCY OF CASHIER: REAL ESTATE SALE: COURSE OF DEALING. The acts of the officers of a banking corporation must be in the line of their agency to bind the bank, and it is not in the line of the duty of the cashier to sell real estate, nor to contract with brokers for that purpose, and such act will not bind the bank unless such is its usual course of dealing or the act was ratified.

2. ——: ——: DUAL AGENCY. While the cashier acts for the bank in receiving a deposit of money and issuing a certificate therefor, such fact will not prevent him from becoming the agent of the depositor in regard to the disposition of the money; and his acts as the agent of the depositor will not bind the bank.

*Appeal from the Dallas Circuit Court.*—HON. ARGUS Cox, Judge.

AFFIRMED.

*Nixon & Haymes* and *Carter & Moore* for appellant.

(1) "Payment specifically in law means the discharge of a pecuniary obligation by money or what is accepted as the equivalent to a specific sum of money." Century Dictionary; *Tolman v. Ins. Co.*, 1 Cush. (Mass.) 73; 36 N. Y. 522; 2 Benj. on Sales [4 Am. Ed.], 952; *Artley v. Morrison*, 73 Iowa, 132; *Robinson v. Weeks*, 6 How. Pr. (N. Y.) 161; *Williams v. Breffy*, 96 U. S. 176; *Williams v. Carpenter*, 36 Ala. 76; s. c., 76 Am. Dec. 316. (2) The defendant could not recover unless he shows a compliance with the terms and conditions on which the deposit was received and was to be paid

out. Payment is an affirmative defense and is to be made out on its entirety by the defendant. *Yarnell v. Anderson*, 14 Mo. 619; *Weir v. Lee*, 26 Mo. App. 105; Greenleaf on Ev. [14 Ed.], sec. 74; *Stephenson v. Murray*, 29 Ill. 532; *McClure v. Purcell*, 6 Ind. 330; *Hull v. Cooper*, 36 Mo. App. 393. (3) The trial court based its decision in favor of the bank on the theory that check drawn in favor of Ellis on which the money was paid was an appropriation of the fund deposited by Morrow, as the agent of Burris, irrespective of the antecedent terms and conditions on which payment of the $350 was to be made. On this theory the first declaration of law asked by the plaintiff was given and the second refused. On this question as to Morrow's agency as cashier of defendant bank, it may be said, once for all, that the drawing of this check on the Bank of Buffalo, in the name of Burris, by its cashier, Morrow, could in no way affect the right of the parties to this controversy because there is no pretense that Mr. Burris ever specially authorized the drawing of the check. The *onus probandi* still rests on the defendant to show that its cashier drew this check in exact compliance with all the terms and conditions under which Mr. Burris authorized him to draw it and that he paid out the money on the exact terms and conditions under which Mr. Burris authorized him to pay it out or there is no payment. Again, the defendant having pleaded payment as its defense and having introduced evidence tending to show that such payment was made by its cashier on the terms and conditions on which its cashier had been authorized to pay it out, will not be allowed to also claim that its cashier was not acting within the scope of his employment. It will not be allowed to occupy consistent positions in court and blow hot and cold at the same time. *Benseick v. Cook*, 110 Mo. 173; *Long v. Long*, 111 Mo. 12.

*D. M. Rush* and *O. H. Scott* for respondent.

(1) This was a general deposit and therefore subject to depositor's check. *Bank v. Bank*, 2 Wall. 252, 256; *Bank v. Risley*, 111 U. S. 125–127. When Mr. Burris' check was presented it was the duty of the bank to honor it. (2) T. B. Morrow was the agent of the plaintiff in examining title, and drawing check. In fact the plaintiff never intended to make the bank his agent. The bank was not an examiner of titles, and cashier could not act for the bank in examining title, nor could he draw check on his own bank except as agent of depositor. *Robinson v. Jarvis*, 25 Mo. App. 424; *Fitzsimmons v. Express Co.*, 40 Ga. 330; *Asher v. Dutton*, 31 Kan. 286; *Bank v. Dunn*, 6 Pet., p. 51. (3) The bank paid out the money in good faith on the depositor's check and can not be held liable for the deception practiced upon plaintiff by Martin. *Bank v. Shotwell*, 11 Pac. Rep. 141; *Jung v. Bank*, 55 Wis. 364.

ELLISON, J.—Plaintiff instituted this action to recover of defendant $350 with seven per cent interest, alleged to be due on a certificate of deposit issued to plaintiff by the defendant bank. The judgment below was for defendant..

The transaction connected with the deposit of the money took place between plaintiff and T. B. Morrow, cashier of the bank. It appears that plaintiff desired to purchase a certain tract of land of which Anna McGregor was the record owner. That one David B. Martin claimed to plaintiff to be the owner under a purchase from Anna McGregor. Plaintiff being about to leave the state for a trip to Florida made the deposit giving directions to Morrow that when Martin brought to him his own warranty deed for the land and a deed from Anna McGre-

gor and husband to Martin, he, Morrow, was to check out the money and pay it to Martin. That before paying the money, Morrow was to see that the deeds were warranty deeds and that the McGregor deed was by Anna and her husband and that he should examine the records to see that the names of the McGregors corresponded with the names on the record and that there was no judgment lien against the land, and if everything was right to record the deeds.

Shortly afterward one J. B. Ellis presented to Morrow (presumably at the bank) a written order from Martin for the money deposited, and also delivered to Morrow what purported to be a deed from "Ana M. Gregor" alone to Martin and a deed from Martin and wife to plaintiff, each purporting to have been executed in Illinois. Morrow, after reading Martin's order for the money, drew the following check and paid the money on it to Ellis:

"BUFFALO, Mo., 4—9, 1893.

"BANK OF BUFFALO,

"Pay to J. B. Ellis or bearer $350, Three Hundred and Fifty & No–100 dollars.        S. H. BURRIS.

"Per T. B. M."

Afterward it turned out that the "Ana M. Gregor" deed was a forgery, plaintiff being the victim of a fraud perpetrated by Martin.

Several questions are presented for our consideration, but as the conclusion which we have reached controls the final disposition of the cause, we shall rest content by merely stating that conclusion.

The defense of the defendant bank is that the sum sued for has been paid excepting the interest which the certificate drew and that is tendered in court. The only official of the bank connected with the transaction was Morrow, the cashier. The only ground for holding

BANKS and banking: agency of cashier: real estate sale: course of dealing.

the bank is to make it responsible for the acts of Morrow, and in this we are of the opinion plaintiff fails. The rule governing this case is found in *Winsor v. Lafayette County Bank*, 18 Mo. App. 665, a case involving the agency of a bank cashier in matters relating to the sale of real estate. What was there said applies directly to the facts presented in the present record. We stated there that a banking corporation acts through its official agents and is held strictly to the contracts made in behalf of the corporation, but that the acts of such officers must be in the line of their duty or agency. That it was not in the line of the duty of a cashier to sell real estate or to contract with brokers for that purpose. So it is clear in this case, as shown by authorities cited in the *Winsor* case, that Morrow had no authority to bind the defendant bank by his undertaking to act as plaintiff's agent in receiving the deeds, in seeing that they were in proper form and from the proper parties, and that there were no judgment liens on the land. These were matters wholly outside the ordinary duties of a bank cashier. A corporation may, by a course of dealing with its officers and the public, confer upon them authority and power which they otherwise would not possess. But here, as in the *Winsor* case, there is nothing to show any previous authority given to the cashier, or that he ever attempted to exercise like authority before, either with or without the knowledge of the bank. Nor is there any evidence or pretense of a ratification of the cashier's acts in the premises.

Considering the case from the defendant's plea of payment alone, will not aid plaintiff. The fact that the cashier in taking the deposit and issuing the certificate was an agent of the defendant in the line of his duty as such officer, did not prevent him from being also plaintiff's

—: —: dual agency.

agent in regard to the disposition of the money. He could not and did not act for the bank any further than to receive the money for deposit and to issue the certificate. His further agreements with plaintiff were of a character to necessarily make him an agent of plaintiff in carrying out such agreement. Under the authority given him by plaintiff he had a right to pay out the money on his check. The fact that he may have been misled as to whether the facts justified his paying it under the directions which had been given him by plaintiff can not affect the defendant. All the defendant has done, so far as this record shows, is to permit plaintiff's agent to draw the money which plaintiff authorized him to draw, and the mere fact that such agent was, for other purposes, likewise defendant's agent is of no consequence.

From the foregoing considerations it is evident that the judgment was for the right party and it will be affirmed. All concur.