LIZZIE R. BATTERTON *et al.*, Plaintiffs in Error, v. T. G. SIMS, Defendant in Error.

**Kansas City Court of Appeals, January 24, 1898.**

Injunction: DAMAGES: JURY: MOTION IN ARREST. The statute authorizes damages on an injunction bond to be assessed by a jury, and if the record does not show a jury waived, the judgment will be reversed, and that without a motion in arrest.

*Error to the Sturgeon Common Pleas Court.*—HON. J. A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*W. M. Williams* for plaintiffs in error.

The statute provides that the damages shall be assessed by a jury, or if neither party requires a jury, by the court. The record of the judgment does not show any waiver of a jury by the plaintiff. 2 R. S. 1889, sec. 5500; *Briggs v. R'y*, 111 Mo. 168-175; *Cox*

& *Slingsby v. Moss*, 53 Mo. 432; *Scott v. Russell*, 39 Mo. 407.

*T. S. Carter* and *W. W. Fry* for defendant in error.

There is nothing in plaintiffs' second point. At the trial of defendant's motion to assess damages, plaintiffs did not appear, but made default, by which a jury was waived. R. S. 1889, sec. 2133; *Town v. Moore*, 53 Mo. 118; *Jones v. Ins. Co.*, 55 Mo. 342; *Merrill v. St. Louis*, 83 Mo. 245. Again an objection to trial by the court, without a jury, can only be raised by a motion in arrest. *Dill v. R. R.*, 55 Mo. App. 123. Under Revised Statutes, section 2133, a jury is waived by failing to appear at the trial, by a written consent filed with the clerk, or by oral consent in court entered on the minutes.

ELLISON, J.—Plaintiffs filed their bill for injunction restraining defendant from selling certain lands described in the bill. An injunction bond, with plaintiff in error as principal and the other plaintiffs in error as sureties, having been given, the temporary restraining order was issued. Afterward, at the October term of the Sturgeon court of common pleas for Boone county, plaintiffs' bill was dismissed.

STATEMENT.

Afterward, at the same term of court, the defendants filed their motion for the assessment of damages on the bond. The record of the judgment on the motion is as follows:

"Now on this 26 day of October, 1896, the above cause coming on for hearing, the plaintiff of her own motion voluntarily dismisses her suit. It is therefore ordered and adjudged by the court that this cause be

Batterton v. Sims.

and the same is at the instance of the plaintiff dismissed, and the injunction heretofore issued herein be and the same is hereby dissolved, and the defendant is released from same, and the costs in the action, amounting to $15.65-100 dollars are adjudged against the plaintiff, and execution is ordered issued therefor.

"And thereupon, after the dissolution of the injunction herein, defendant's motion to have his damages assessed in this cause is submitted to the court, and the court hearing the evidence on said motion doth sustain the same and doth find that defendant has been damaged in the sum of $268.29.

"It is therefore ordered and adjudged by the court that the defendant have and recover of and from the plaintiff and the obligors on her bond herein, W. H. Ritchie and J. S. Ritchie, the sum of $268.29 as his damages, and also the costs herein, and the court doth order execution therefor against the plaintiff and her said obligors."

Plaintiffs have brought the cause here by writ of error. Their complaint is that they should have had a jury in the assessment of damages unless one had been waived in the manner provided by section 2133, Revised Statutes 1889. It is provided by section 5500 that the damages shall be assessed by a jury, or by the court, if neither party requires a jury. This means that the assessment must be by jury unless one is waived by a failure to appear, or by written consent, or oral consent entered on the records, as is provided by section 2133. In this case the judgment does not note a default on part of plaintiffs in the assessment of damages. Whatever inference is to be drawn from the recitals in the judgment is that plaintiffs, or some of them, were present. No consent appears to have been

*(Margin note: INJUNCTION: damages: jury: motion in arrest.)*

given waiving a jury, as required by the statute. Where a jury is required the record should affirmatively show it was waived. We must therefore hold the judgment invalid.

Such error is one patent of record and it is not necessary that there should have been a motion in arrest of judgment. *McIntire v. McIntire*, 80 Mo. 470; *Pendergast v. Hodge*, 21 Mo. App. 138.

It follows that the judgment should be reversed and the cause remanded. All concur.