BANK OF MONETT, Appellant, v. W. A. HOWELL et al., Respondents.

St. Louis Court of Appeals, March 7, 1899.

1. **Practice Trial:** WAIVER OF JURY: OBJECTION: PRESUMPTION. Plaintiff had the constitutional right, in the case at bar, to have the issues tried by a jury, but like any other right it might be waived; if, in fact, it was not waived, the attention of the trial court should have been called to it by the proper motion.   As plaintiff made no such objection, the presumption is that there was in fact, such a waiver. Held, that the failure of the judgment entry to show it, must be regarded as a clerical omission by the clerk.

2. **Bank Cashier:** AGREEMENT TO TRANSFER MONEY: AGENT.   In the case at bar the plaintiff undertook for a consideration to transmit a draft for defendant (who was a customer of the bank) to a neighboring bank; held, that such a transaction is clearly within the legitimate business of a bank.

*Appeal from the Barry Circuit Court.*—Hon. J. C. Lamson, Judge.

Affirmed.

A. V. Darroch for appellant.

It is plain that the counterclaim constituted no defense in law nor stated any cause of action against the plaintiff bank. Banks are not transmitters of money, but buy and sell exchange, receive deposits, make collections, loan money and discount paper. R. S. 1889, sec. 2745. If the cashier of plaintiff bank promised defendant Howell to transmit this money for him, it was binding on the cashier only and not on the bank. Burris v. Bank of Buffalo, 70 Mo. App. 678. That the court erred in not calling a jury hardly needs any citation. Briggs v. Railroad, 111 Mo. 168; Brown & Son v. Railroad, 69 Mo. App. 418. "In an action on a promissory note, damages arising out of a different transaction and constituting a cause of action *ex delicto* can not be set up as a counterclaim. McQuillen's Pleading and Practice, p. 388; Wilkerson v. Farnham, 82 Mo. 672, and cases cited. On the whole the judgment should be reversed.

Kemp & Burgess for respondents.

Defendant had a right of action against the plaintiff and his answer is the subject of counterclaim, and whenever entire justice can be done both parties by an adjustment of their demands by allowing the same as a set-off or counterclaim without violation of any settled rules of law it ought to be done. Green v. Conrad, 114 Mo. 651; Smith v. Spengler, 83 Mo. 408; City of Kansas to use v. Ridenour, 84 Mo. 253. A counterclaim includes set-off and recoupment. Hay v. Short, 49 Mo. 139; Cordon v. Bruner, 49 Mo. 570. If a suit be founded on a cause of action connected in any way with a

contract, a counterclaim arising out of any other contracts between the same parties though sounding in damages may be set up.    Empire, etc., Co., v. Boggiamo, 52 Mo. 294; Kamerick v. Castleman, 23 Mo. App. 481; McAdow v. Ross, 53 Mo. 199.    The plaintiff's bank, upon accepting the $300 of defendant, and agreeing to forward same to Clarksburg Saving Bank, for defendant was bound to exercise reasonable care and diligence in the discharge of its duties.    2 Am. and Eng. Ency. of Law, n. 2, p. 111; Bank v. Bank, 91 U. S. 92, 104; Fabens v. Bank, *supra;* Bank v. Bank, 10 Cush. (Mass.) 582; Bank v. Bank, 36 Comm. 325.

BIGGS, J.—There is no bill of exceptions in this case. The plaintiff sued the defendant on a promissory note before a justice of the peace.    The defendant filed a counterclaim for a sum in excess of the note.    The alleged facts as to the counterclaim are, that in May, 1893, the defendant deposited with the plaintiff bank the sum of $300, which amount the officials of the bank agreed to remit to the Clarksburg Savings Bank, to be applied in the payment of an overdue note of the defendant's, which was held by the latter bank; that the plaintiff failed to transmit the money until August, 1894, and that by reason of the delay the defendant was compelled to pay the Clarksburg Bank additional interest, to wit, the sum of $37.91.    Upon a trial in the circuit court the judgment was against the plaintiff on the note and damages to the amount of one cent were assessed in favor of the defendant on the counterclaim.    The plaintiff has appealed.

It is insisted that the judgment is a nullity for the reason that the judgment entry fails to show that a jury was waived. This contention is erroneous.    Undoubtedly the plaintiff had the constitutional right to have the issues tried by a jury, but this right like any other it was competent for it to waive. If

WAIVER.    in fact, it did not waive it, the circuit court would undoubtedly have arrested the judgment if its attention had been called to the matter

by the proper motion.    As the plaintiff made no such objection, the presumption is that there was in fact such a waiver, and the failure of the judgment entry to show it must be regarded as a clerical omission on the part of the clerk.

The other contention of the plaintiff is that upon the face of the record the judgment of the circuit court on the counter-claim is erroneous for the reason that an agreement on the part of the cashier of the bank to transfer the money of a depositor to another bank is not within the scope of his agency, the argument being that such an undertaking is outside of the legitimate business of the bank.    (R. S. 1889, sec. 274.) This view of the statute is entirely too restricted.    In the cases relied on by the plaintiff the banks were sought to be held on contracts made by their cashiers concerning the sale of real estate (Burris v. Bank, 70 Mo. App. 675; Winsor v. Bank, 18 Mo. App. 665). In these cases the courts very properly held that such contracts were not in the line of duty of bank cashiers.    The case here is entirely different.    The plaintiff undertook for a consideration, to transmit a draft for defendant (who was a customer of the bank) to a neighboring bank.    Such a transaction is an every day occurrence and is clearly within the legitimate business of a bank. The plaintiff, having failed in its undertaking, must answer for all proximate damages resulting from such failure.

The judgment of the circuit court will be affirmed.    All the judges concur.