## NELSON MANUFACTURING COMPANY, Respondent. v. SHREVE, Appellant.

### St. Louis Court of Appeals, February 16, 1904.

1. **EVIDENCE: Letterpress Copies of Correspondence.** Where it has been shown that original letters were neither within the control of either party nor within the jurisdiction of the court, and reasonable efforts have been exhausted to procure them, duly identified letterpress copies of the originals are admissible in evidence.

2. ———: **Proof of Insolvency.** Where the issue of insolvency was before the court, an estimate of the value of the property of the alleged insolvent, made by one who disclaimed accurate knowledge of its value, was admissible for what it was worth.

3. **VERDICT: Interest not Calculated.** A verdict for a certain sum with interest from a given date, with the interest not calculated, is sufficient on motion in arrest; the judge, or the clerk under his direction, may supply the calculation.

Appeal from Pike Circuit Court.—*Hon David H. Eby,* Judge.

AFFIRMED.

*James W. Reynolds* for appellant.

(1) Exhibits "A" and "B" constitute the very foundation of plaintiff's case. That they are letterpress copies instead of originals, was shown by plaintiff's witness, Chambers' testimony. Such copies are inadmissible without laying foundation same as any other copies. Traber v. Hicks, 131 Mo. 180; Greenleaf on Ev., sec. 558; Strain v. Murphy, 45 Mo. 337; Abel v. Strimple, 31 Mo. App. 86; Christy v. Cavenaugh et al., 45 Mo. 375; Blondeau v. Sheridan, 81 Mo. 545. (2) If a non-resident witness whose deposition is taken (as was

done here) refused to produce the desired document upon proper request or notice, then secondary evidence of its contents may be introduced. 1 Jones on Ev., sec. 217; Binney v. Russell, 109 Mass. 55; Fisher v. Green, 95 Ill. 94. But the undoubted weight of authority is that a letter shown to be in the hands of a third party who is beyond the jurisdiction of the court is secondary evidence and is inadmissible to prove its contents without a showing of a proper and unsuccessful effort to obtain the original. Kirchner v. McLaughlin, 28 Pac. 505. For a full discussion of all the authorities on the point see 45, Central Law Journal, pages 368 to 373. (3) The motion in arrest of judgment should have been sustained for the reason that the jury did not compute the interest which they found to be due as required by law. The calculation of the interest must be made by the jury. Dyer v. Combs, 65 Mo. App. 148; Poulson v. Collier, 18 Mo. App. 604; Ryors v. Pryor, 31 Mo. App. 555.

*Tapley & Fitzgerrell* for respondent.

Exhibits "A" and "B" were properly admitted. A notice to produce them was served on appellant, also subpoena *duces tecum,* and if in his possession it was his duty to produce them. And if they were in the possession of I. C. Shreve, they were beyond the jurisdiction of this court, as it was clearly shown that he was a non-resident at the time this suit was brought, and at all times during its pendency. This being shown, secondary evidence of them was properly admitted. Brown v. Wood, 19 Mo. 475; Harvey Lumber Co. v. Herriman & Curd L. Co., 39 Mo. App. 220; Brown v. Railroad, 69 Mo. App. 422; Burton v. Driggs, 20 Wall. (U. S.) 125.

REYBURN, J.—After reversal by this court, (94 Mo. App. 518) this case was retried upon amended pleadings and from judgment upon verdict for plaintiff,

defendant has again brought the cause to this court. In June, 1899, appellant's son then engaged in business on his own account, in the city of Louisiana, called on his father at the latter's office with a letter of respondent, and stated it had demanded security before further shipments of goods and asked his father to write that he would be responsible for the particular bill discussed. Appellant, disclaiming that such offer on his part would be of any assistance, as he was unknown to respondent, at urgent request of his son, finally wrote a letter to respondent, hereafter reproduced. A few days later his son again called upon him at his office, and making a statement that he owed respondent for which he was required to furnish security before obtaining the goods, again asked his father to write a further letter to respondent and, repeating his doubt of acceptance of his guaranty, the father, asking amount of the son's indebtedness, to which the son, after consulting a letter from respondent, and either submitting it to appellant or repeating to him its contents, replied that the amount was $265, again wrote a letter to respondent, later exhibited in its order. Appellant denies receiving any reply to either letter, but subsequently by letter was notified of extent of son's indebtedness to respondent and its payment requested. The correspondence between the parties consisted of the following:

"St. Louis, Missouri, June 22, '99.
"I. C. Shreve, Esq.,
    "Louisiana, Missouri.
"Dear Sir:
    "We have your order of the 21st, inst., which will receive our prompt attention. By referring to your account we find that you owe us a balance on April account of $114.07, together with shipments made you during May and June, bringing the total amount up to date $265. You mentioned to the writer when you were in our office several days ago that Mr. C. D. Shreve had expressed his willingness to guarantee the payment of

your account against you, and as it has now grown to be a right considerable amount, and we hope will be larger in the future, we would thank you to have him write us to that effect. Awaiting your reply, we are,

"Yours truly,

"N. O. NELSON MFG. COMPANY.

"Louisiana, Mo., 6-24, 1899.

"Messrs. N. O. Nelson Mfg. Co.,

"Saint Louis, Mo.

"Dear Sirs:

"You ship the Dr. Birkhead order sent you by my son and I will stand good to you for the payment of the same. You need not be afraid to ship him, in my judgment, anything he orders; for he is strictly honest; just started in business, a good mechanic and plenty of work - and I believe he will forward your money just as fast as he collects it in.

"Yours very respectfully,

"C. D. SHREVE.

"St. Louis, Missouri, June 26, 1899.

"I. C. Shreve, Esq.,

"Louisiana, Mo.

"Dear Sir:

"We have your favor of the 23rd inst., also letter from your father on the 24th. It seems that either of you or he misunderstood our letter of the 22nd, as in his letter he stated that he will guarantee the payment of the order for Dr. Birkhead. We did not have in mind asking for a guarantee of this particular order, but simply a general guarantee of his, to cover your account for anything you might order.

"You mentioned when in the office recently, that your father was willing to guarantee payment of your account, and it was for this reason we wrote you that as your account was now gettting to be a pretty good-sized one, and hoping that you would continue to give us your orders, and probably run it up to a still larger amount;

we thought we might as well ask for the guaranty. Please explain this to him and request him to write us that he will stand good for any and all orders you may place with us. Awaiting your reply, we are,

"Yours very truly,

"N. O. NELSON MFG. COMPANY.

"Louisiana, Missouri, June 28th, 1899. "Messrs. N. O. Nelson Mfg. Co.,

"St. Louis, Mo.

"Dear Sirs:

"Your letter to my son is before me. In reply will say you let him have such amount of goods as he needs until further orders, and I will stand good to you for the same, also what he owes you at the present time.

"Yours very respectfully,

"C. D. SHREVE.

"St. Louis, January 19, 1900.

"C. D. Shreve, Esq.,

"Louisiana, Mo.

"Dear Sir:

"Your son owes us $512.59, which it seems we can not collect. The amount is long past due, and we have written him repeatedly asking for settlement, and being unsuccessful we must look to you to make good the guarantee which you gave us June 28th, 1899.

"It has not been our wish to call upon you, but we must realize from our outstanding accounts with a fair degree of promptness.

"We need considerable money next Monday, and if it is inconvenient for you to send us your check by return mail for the entire amount, we will accept your 30, 60, and 90 day notes, each for one-third of the total.

"Awaiting your reply, we are,

"Yours very truly,

"N. O. NELSON MFG. Co."

1. Appellant vigorously protests against the admission in evidence of the letters of respondent of dates

June 22 and 26, 1899, both being those addressed to the son, as being received without sufficient foundation for their introduction in the shape of letterpress copies of the originals in lieu of the letters themselves. It appeared from the testimony that if extant they were in possession of the appellant's counsel or his son, their addressee; the latter who had become a non-resident, in testifying by deposition, identified the press-copies and stated that he did not have the originals, but thought they had been lost. Respondent further duly served on appellant a subpoena *duces tecum* for their production at the trial and his counsel assured the court he would produce them if in his possession. These copies were further identified by their writer, an employee of respondent, and as it has satisfactorily accounted for the non-production of the originals by showing they were neither within control of either party nor within the jurisdiction of the court, and has exhausted all reasonable efforts to produce them, under such circumstances the best evidence obtainable, the press duplicates were properly allowed in evidence. Brown v. Railroad, 69 Mo. App. 418; and cases cited. Appellant also insists that the first letter addressed to respondent by appellant, of date June 24, 1899, should have been excluded as incompetent and not connected with the issues. This letter was in response to the original letter to the son, requesting appellant's guaranty, and in turn invoked the reply to the son of June 26, and while appellant disavowed having seen either the preceding letter or this one, both to his son from respondent, the letter of appellant to respondent appears to have been in reply to the letter and it was competent and rightfully admitted.

2. Respondent's witness, Caldwell, after describing the contents of the son's plumbing shop hesitated about giving an opinion of their value from want of knowledge; but upon being urged to give an estimate, appraised them at about $150, and appellant submits the admission of this opinion was highly prejudicial; the

issue of insolvency was prominent and sharply controverted, and the testimony was properly received to be accorded such weight as the jury deemed it merited.

3. The motion in arrest was especially directed toward the form of the verdict returned by the jury, thus: "We, the jury, find for the plaintiff in the sum of $369.08 with six per cent interest thereon from May 12, 1900." which is censured as being incomplete by reason of the non-computation of the interest accrued. A verdict in like form has been approved by this court, as valid and subject to the general rule, that that is sufficiently certain which can be made certain; it being held that the judge, or clerk at his direction, might supply the calculation of interest omitted.

The legal propositions involved in this controversy were fully reviewed upon its earlier determination and the law governing the controverted issues then clearly defined, and the retrial conducted in accordance with the expressions of this court. No reversible error has been pointed out in the present record and the judgment is affirmed. *Bland, P. J.*, and *Goode, J.*, concur.