## SAMUEL J. RECKENDORFER, Appellant, v. W. J. ROBERTS and JOHN ROBERTS, Respondents.

### Springfield Court of Appeals, April 7, 1913.

1. **JUDGMENT: Motion for New Trial and In Arrest: When to be Filed.** In an injunction proceeding judgment on the merits was entered April 26; motion for damages on injunction bond was filed June 3; motion for new trial and in arrest of judgment filed June 4. *Held,* that motions for new trial and in arrest were filed too late, under section 2025, R. S. 1909, to preserve for review injunction proceedings by appellate court.

2. ———: ———: **Motions too Late: Question Before Court.** The motions for new trial and in arrest being filed too late, the sole question before the appellate court was as to the validity of the judgment on the motion to assess damages on the injunction bond.

3. **INJUNCTION: Damages on Bond: Waiver of Jury: How Shown.** Upon dissolution of an injunction, the damages on the injunction bond must be assessed by a jury, under sections 1968, 1970, 2524, R. S. 1909, unless the right to trial by jury is waived. And such waiver must be shown in the judgment or the minutes to give it validity, provided the failure of the judgment or minutes to show such waiver is taken advantage of by proper motion.

Appeal from Taney Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*C. B. Sharp* and *D. F. McConkey,* for appellant.

(1) The motion of defendants for damages on appellant's injunction bond was not sufficient on which to base the judgment rendered thereon by the court. (2) Upon the face of the record of the judgment rendered by the court, without a jury being waived by the parties, the judgment is null and void. R. S

1909, sec. 2524; Briggs v. Railway, 111 Mo. 168-175; Cox & Slingsby v. Moss, 53 Mo. 432; Scott v. Russell, 39 Mo. 437; Batteston v. Sims, 73 Mo. App. 351. (3) Appellant purchased the timber upon the lands described in plaintiff's bill, which purchase carried with it a license to enter upon the said lands and remove the timber therefrom, and such license is irrevocable. 25 Cyc. 649 and 650, subhead (II), Sale of Property on Land; Pierce v. Gonton, 98 Maine, 553; Emerson v. Shores, 95 Maine, 237; 25 Cyc. 650, subhead (III), Placing Property on Another's Land with His Permission.

*R. C. Ford* for respondents.

(1) The trial of this cause on the merits was had on April 26, 1912, and judgment rendered thereon, and on June 4, 1912, plaintiff filed his motion for a new trial. This was 38 days after judgment on the merits. (2) The failure of plaintiff to file motion for a new trial within four days after verdict and judgment dissolving the injunction, leaves nothing before this court, on the merits of the case, except the record proper. Long v. Hawkins, 178 Mo. 103, 77 S. W. 77. (3) This court will not consider a bill of exceptions unless the record shows affirmatively that the motion for a new trial was filed within four days after judgment. Welsh v. City of St. Louis, 73 Mo. 71; Moran v. January, 52 Mo. 523; Beckman v. Insurance Co., 49 Mo. App. 604; Long v. Hawkins, 178 Mo. 103, 77 S. W. 77. (4) On trial of a motion for damages on an injunction bond, where neither party required a jury, there was no error in the court hearing and determining the motion and assessing damages. R. S. 1909, sec. 2524. (5) Plaintiff did not require a jury to assess damages on the injunction bond, and cannot now be heard to complain that a jury was not

waived. R. S. 1909, sec. 2524. (6) A finding rendered by the court without any declaration of law, will not be disturbed where there is any evidence to support it. Dolphin v. Klann, 246 Mo. 477, 151 S. W. 956. (7) It is familiar and well-settled law that a court of equity will not attempt to restrain the doing of any work which has already been accomplished. Carlin v. Wolff, 154 Mo. 539, 51 S. W. 679.

FARRINGTON, J.—This was a suit brought by the plaintiff to enjoin the defendants from doing certain acts, and a temporary injunction was issued. On final hearing, however, this was dissolved, and a motion was subsequently filed by the defendants asking that damages be assessed on the injunction bond. An attorney's fee of fifty dollars was allowed by the court and judgment rendered therefor in favor of the defendants.

Plaintiff has attempted to appeal the entire case—both on the merits and on the motion. The record shows that the judgment on the merits was entered by the court on April 26, 1912; that a motion to retax costs was filed on the same day, and that on June 3, 1912, this motion was overruled; that on June 3, 1912, the motion for damages on the injunction bond was filed, which resulted in a judgment for the fifty dollars attorney's fee rendered on June 4, 1912. On the last-mentioned date, the plaintiff filed motions for new trial and in arrest of judgment, setting up therein grounds which went to the trial on the merits of the injunction proceeding as well as to the action of the court on the motion for the assessment of damages. The motions for new trial and in arrest, as affecting the merits of the injunction proceeding, having been filed some thirty or forty days after the rendition of the judgment dissolving the temporary injunction, came too late under the statute (Sec. 2025, R. S. 1909) and the decisions of this State.

There remains before us the sole question as to the validity of the judgment on the motion to assess damages on the injunction bond. The record shows that this motion was filed on June 3, 1912, and that on the next day the motion was taken up and after the introduction of some testimony as to the value of the services rendered by the attorneys in the case the following judgment was entered (formal parts omitted):

"Now at this day come defendants by their attorneys and by leave of court file herein their motion for damages on the injunction bond, which said motion coming on to be heard comes now the plaintiff by his attorneys, and also come the defendants in person as well as by their attorneys, and both parties answering ready for a hearing, the court doth proceed to hear, try and determine the issues. After seeing, hearing and being fully advised in the premises, from hearing the evidence, seeing the pleadings and from the arguments of counsel the court doth find that this is a motion for damages on the injunction bond; that there has been a breach of the conditions of said bond; that the defendants have been damaged in the sum of fifty dollars, and that said amount be allowed them on their attorneys' fees."

"It is, therefore, considered, adjudged and ordered by the court that the said motion be sustained, and that damages be allowed the defendants in the sum of fifty dollars on their attorneys' fees, and that of said amount twenty-five dollars be paid to Adams & Hays and twenty-five dollars be paid to R. C. Ford, the attorneys for the defendants."

This judgment is complained of as failing to show a waiver of the right of trial by jury secured by the Constitution and sections 1968, 1970 and 2524, R. S. 1909. The following cases are directly in point, especially that of Batterton v. Sims, holding that the judgment or the minutes must show a waiver of a jury

in order to give it validity, provided the failure of the judgment or minutes to show the waiver is taken advantage of by the proper motion which was done in this case. [Batterton v. Sims, 73 Mo. App. 351; Dilly v. Railway Co., 55 Mo. App. l. c. 128; Briggs v. Railway Co., 111 Mo. l. c. 175, 20 S. W. 32; Brown v. Railway Co., 69 Mo. App. 418; Bank of Monett v. Howell, 79 Mo. App. 318.] From an examination of the entire lengthy record in this case a very few pages of which includes the testimony as to the value of the legal services rendered, it is apparent that the amount allowed by the circuit court was a very reasonable sum; but, as no waiver such as is contemplated by the decisions was made in this case, we must hold under the authorities above cited that error was committed against the plaintiff. The appeal herein is dismissed as to all matters except that touching the attorneys' fee, and as to that branch of the case we reverse the judgment and remand the cause for trial. The docket fee paid to the clerk of this court will be taxed against the respondent, but all other costs of this appeal are taxed against the appellant. All concur.