BRIGGS v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, *Appellant*.

Division Two, July 1, 1892.

1. **Constitution**: STATUTE: ATTORNEY'S FEE AS COSTS. The constitutionality of the provision of section 2613, Revised Statutes, 1889, affirmed, which directs the court to tax a reasonable attorney's fee in favor of the plaintiff prevailing in an action founded on section 2612 for injury to live stock which entered upon the company's right of way at a place not inclosed by a fence as required by law and received injuries in consequence of being frightened by passing cars. (*Perkins v. Railroad*, 103 Mo. 54.)

2. **Practice**: APPEAL FROM JUSTICE'S COURT: ATTORNEY'S FEE. The attorney's fee is properly in issue in the circuit court on an appeal by the company from a judgment of a justice of the peace wherein such fee was allowed and taxed as costs.

3. **Constitution**: ATTORNEY'S FEE AS COSTS: JURY TRIAL. Under the constitutional provision that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate" (Constitution, art. 2, sec. 23), the company is entitled to a jury in assessing the value of the attorney's services, and of this right the statute cannot deprive it.

4. **Railroad**: INJURY TO STOCK: EVIDENCE. Evidence as to the manner in which the engine was operated is material and relevant on a trial under section 2612 (Revised Statutes, 1889) for injury to live stock.

5. ———: ———: JURISDICTIONAL FACT. It is necessary in an action before a justice of the peace, founded on said section 2612, both to allege and prove that the animal was injured in the township in which the suit was begun or in an adjoining one.

*Appeal from Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED AND REMANDED.

*E. D. Kenna* and *Adiel Sherwood* for appellant.

The act is unconstitutional: (1) Because it gives plaintiff a fee for his attorney (in each court to which

.the case may go), thereby depriving defendant of its property without due process of law, and giving it to another,—contrary to section 10, bill of rights of the constitution of Missouri. It requires the taxation of an attorney's fee against the railway company, while there is no such burden put upon other citizens and other corporations. It is in the nature of a legislative forfeiture. *Railroad v. Moss*, 60 Miss. 641; *Turke v. Janesville*, 28 Wis. 464; *Lefferty v. Railroad*, 38 N. W. Rep. 660; *Wilder v. Railroad*, 38 N. W. Rep. 289; *Schut v. Railroad*, 38 N. W. Rep. 291; *Zeigler v. Railroad*, 58 Ala. 594; *Railroad v. Lackey*, 78 Ill. 55; *Railroad v. Geiger*, 21 Fla. 669; *Railroad v. Williams*, 49 Ark. 492; *Wally's Heirs v. Kennedy*, 2 Yerg. 554; *Hoke v. Henderson*, 4 Dev. (Law) 1, 15. (2) And in so far as it is thus deprived, while other suitors have the right to contest in the courts money claims made against them without such a burden, defendant is denied "the equal protection of the laws," and denied the protection of "due process of law"—in short a penalty is fixed upon him for taking his case into court, if he loses, while all other taxpayers have free sway,—contrary to the fifth and fourteenth amendments of the federal constitution. *In re Ah Chang*, 2 Fed. Rep. 737, 738; *Pearson v. Portland*, 69 Me. 269; *Yick Wo v. Hopkins*, 118 U. S. 356; *Ah Kow v. Numan*, 5 Saw. 552; *Railroad v. Moss*, 60 Miss. 641; *Strauder v. West Virginia*, 100 U. S. 303; *Com. v. Johnson*, 78 Ky. 509; *In re Parrott*, 6 Saw. 349. (3) Defendant's property is taken without "due process of law" in this: That it is denied a jury trial to determine the amount to be charged against it, as an attorney's fee, in case of plaintiff's recovery. *Railroad v. Williams*, 49 Ark. 492; *Bank v. Cooper*, 2 Yerg. 59; *Fletcher v. Peck*, 6 Cranch, 135; *In re Fisher's Negroes*, 6 Yerg. 119; *Graves v. Railroad*, 19 Am. & Eng. R. R. Cases, 436;

*Railroad v. Moss*, 60 Miss. 641; *Railroad v. Parks*, 32 Ark. 431; *Rockwell v. Ins. Co.*, 4 Abb. Pr. 179. (4) Defendant is denied "the equal protection of the laws," in so far as a money charge, to-wit, the attorney's fee, is fixed upon it without a trial by jury, while all other suitors are given such a trial when demanded. (5) Because no subject of legislation is "clearly expressed in its title." The title of the bill is not a fair index of its subject-matter. Constitution, art. 4, sec. 28; *State ex rel. v. Miller*, 100 Mo. 444. (6) The act is partial in its operation, and imposes an unequal burden; it practically compels a railway company to pay for its right to contest in a court of justice a claim believed by it, *bona fide*, to be invalid. *Railroad v. Williams*, 49 Ark. 492; *Fletcher v. Peck*, 6 Cranch, 135; *Yick Wo v. Hopkins*, 118 U. S. 356; Constitution, sec. 10, Bill of Rights; *Lewis v. Webb*, 3 Me. 32; *Shreveport v. Levy*, 26 La. Ann. 671.

*W. Cloud* and *McNatt & Kimball* for respondent.

(1) The act of March 31 (Laws, 1885, p. 91) is constitutional. There is nothing in the federal or state constitution denying the right to the legislature to pass such an act. The attorney's fee is assessed as cost, which always goes against the unsuccessful litigant. The amount of cost is never assessed by a jury. *Perkins v. Railroad*, 103 Mo. 52. (2) The evidence sufficiently shows that the injury resulted from a. failure to fence. The testimony of Robert Briggs is undisputed, that animal went on right of way at end of lane, at western limits of city of Aurora, where there was no fence across said lane, nor cattle-guards in track. The cases cited by appellant are not in point. In one of said cases, *Gran v. Railroad*, 54 Mo. 245, the court says, "It is true that, where the cattle do-

trespass upon a field through which a railroad passes, and where no fences are constructed, it might be a natural inference that they so trespassed in consequence of the failure to fence. (3) The appellant is not prejudiced by the circuit court reviewing and hearing evidence in regard to attorney's fees in justice court. The court only taxed a cost of $20 for attorney fees for both courts, while the justice had allowed an attorney fee in that court alone of $25, which was set aside by the circuit court. It was no more than a retaxing of cost of justice court by the circuit court, which it had a right to do. (4) There was no error in the action of the court in giving the instructions of its own motion. The instructions embraced a correct principle of law, as the necessity of keeping open the grounds where the animal came upon the right of way was a mixed question of law and fact (*Bean v. Railroad*, 20 Mo. App. 641), and was properly left to the jury; for the same reason, the court properly excluded instructions, numbered 2 and 7, asked for by defendant. *Bean v. Railroad, supra; Lloyd v. Railroad*, 49 Mo. 199.

MACFARLANE, J.—This action was commenced before a justice of the peace, and is for damages under sections 2612 and 2613, Revised Statutes, 1889, for killing a mare belonging to plaintiff. The amended statement under which the case was tried in the circuit court charged that defendant neglected to inclose its railroad by a good fence on both sides, as by law required, and by reason thereof plaintiff's mare, worth $125, went upon the right of way, was frightened and run by a passing locomotive, and was killed by being run into a wire fence. Upon a trial anew in the circuit court, plaintiff recovered judgment for $105, and the court taxed as costs an attorney's fee of $20 in favor of

plaintiff and against defendant, as provided by section 2613.

The sections are as follows:

"Sec. 2612.    Whenever any live stock shall go in upon any railroad or its right of way, in this state, and the said railroad is not at such place or places inclosed by a good fence on both sides of said railroad, such as is by law required, and such stock, by being frightened or run by any passing locomotive or train on said railroad, shall be injured or killed by or because of having run against the fence on either side, or into any culvert, bridge, slough or mire, or other object along the line of said road, the railroad company shall pay the owner of any such stock so injured or killed the damage sustained.

"Sec. 2613.    If the owner of any live stock, including horses, mules, asses, cattle, sheep and hogs, whenever the same shall have been injured or killed, as in section 2612 described, shall be compelled to bring suit in court to recover the damage so sustained, it shall be the duty of every court in which such suit may be heard to tax up a reasonable attorney's fee in such suit in favor of the complainant, if he recovers judgment, which shall be paid as other costs by the defendant."

I.    The constitutionality of these sections was questioned in the circuit court, and the appeal comes to this court by reason of that constitutional question being involved.    Since the appeal was taken the constitutionality of these sections has been considered by this court in the case of *Perkins v. Railroad*, 103 Mo. 54.    In that case, after discussing the question at some length, in conclusion, the court speaking through Judge BLACK says:    "Our statute giving the owner double damages for stock killed, where a railroad is not fenced as required by law, has been upheld in several

cases on the ground that the law is a police regulation, and designed not only to protect the owners of the stock, but also the traveling public, and that the legislature might impose a penalty for a violation of the law and give the penalty to the owner of the stock killed. *Barnett v. Railroad*, 68 Mo. 56, and cases cited; *Cummings v. Railroad*, 70 Mo. 570; *Spealman v. Railroad*, 71 Mo. 434; *Humes v. Railroad*, 82 Mo. 221. The statute in question is as much a police regulation as is the double-damage section, and the attorney's fee may be lawfully imposed as a penalty for the violation of the law. It is a penalty allowed in all cases of a class, and the objection that the law is special legislation is not well taken."

We accept that decision as settling the constitutionality of the right to impose an attorney's fee against the defendant by way of penalty or damage.

II. After the trial and judgment against the defendant, evidence was introduced on the motion of plaintiff for the purpose of showing the value of the service of an attorney in prosecuting the suit. The court without calling a jury heard the evidence and fixed an attorney's fee which was taxed as costs in the case. After this, defendant moved to strike out that item of the cost and assigned two special grounds therefor: *First*, the value of the service in the justice court should not have been considered in the circuit court, and, *second*, the value of the attorney's fee should have been assessed by a jury, and the statute, making no provision for such mode of assessment, is unconstitutional.

As to the first objection we do not think the court committed error in trying anew the value of the services of an attorney before the justice of the peace. The appeal took the whole case to the circuit court and included the attorney's fee which had been allowed and

taxed as cost by the justice. Upon filing the transcript the circuit court became possessed of the cause, and had jurisdiction to try and determine it anew without regarding any error in the trial, judgment or other proceedings of the justice in relation to the cause. Revised Statutes, 1889, sec. 6339.

The fee allowed was a part of the judgment, and the court committed no error in rehearing and determining its reasonableness.

III.   The second objection presents more difficulties, and we are of the opinion it is well taken. The constitution provides that the "right of trial by jury, as heretofore enjoyed, shall remain inviolate." Art. 2, sec. 28.

"An issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury unless a jury trial be waived or a reference ordered." Revised Statutes, 1889, sec. 2131.

When the statute (section 2613, *supra*) provided that the fee to be taxed as cost should be reasonable, the trial of an issue of fact was implied. The fee allowed is in the nature of a penalty or as exemplary damages, imposed as a punishment for the negligent and wilful disregard of the requirements of the statute. Upon these grounds alone its constitutionality has been upheld. *Railroad v. Humes*, 115 U. S. 522; *Perkins v. Railroad*, 103 Mo. 54.

The fact that the amount is taxed as costs, and is called an attorney's fee, does not change its real character. It is very clear to us that the defendant was entitled to a jury trial in the assessment of the value of the legal services, and the statute could not deprive it of that right. Yet it does not follow that the law is unconstitutional for the reason that it does not expressly reserve the right to a jury trial. That consti-

tutional right is implied in all cases in which an issue of fact, in an action for the recovery of money only, is involved, whether the right or liability is one at common law or is one created by statute. The right to a jury trial exists in all proper cases without an express grant. While the law is valid and constitutional the court should not have tried the issue without a jury, unless it was waived. Under the statute (sec. 2133) a jury may only be waived in one of three modes: *First,* by failing to appear at the trial; *second,* by written consent in person or by attorney, filed with the clerk; *third,* by oral consent in court entered on the minutes. No waiver in any of these methods is shown to have been made. This error, being one of record, was properly taken advantage of by motion in arrest of judgment. *Scott v. Russell,* 39 Mo. 409; *Cox v. Moss,* 53 Mo. 433; *Tower v. Moore,* 52 Mo. 120; *Brown v. Railroad,* 37 Mo. 298.

IV. A number of errors are assigned to the proceedings of the court in the trial of the principal case. Some of these questions depend upon whether the mare entered upon the right of way inside or outside the town limits. There seems to be a dispute of fact on this question. Proper instructions were given covering both theories, and we cannot undertake to settle the question of fact.

V. There was no error in admitting evidence as to the manner in which the engine was operated. In order to make out his case, under the statute, plaintiff was required to prove that his mare was frightened by the engine, and by reason of such fright ran into the fence and was killed. Evidence of the manner in which the engine was handled was, therefore, relevant and material.

VI. It is insisted that the evidence fails to show the jurisdictional fact that the mare was killed in the

township in which the suit was commenced or an adjoining township. The record shows that the suit was commenced before a justice of the peace of Aurora township, Lawrence county, and the statement charges that the mare was killed in that township, but we are not able to find any proof of that fact. It has been, for a long time, the settled law in this state that it is not only necessary to aver these facts, but also to establish them by proof at the trial. *Mitchell v. Railroad*, 82 Mo. 106; *Backenstoe v. Railroad*, 86 Mo. 492.

It is insisted by plaintiff that it is manifest from what does appear of record that the bill of exceptions does not contain all the evidence submitted on the trial. It may be true as contended, still this court is not at liberty to go outside the record and speculate on what may or may not have been done on the trial, We must presume that the bill of exceptions contained all the evidence the parties and the court thought necessary to fairly present the rulings of which complaint is made. Reversed and remanded. All concur.