JOSEPH DILLY, Respondent, v. OMAHA & ST. LOUIS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 20, 1893.

1. Railroads: KILLING STOCK: EVIDENCE. *Held*, the reasonable inference to be drawn from all the evidence in the case, was that the injury to plaintiff's stock occurred in Benton township.

2. ———: ———: RESTRAINING SWINE: HARMLESS ERROR: APPELLATE PRACTICE. Instructing the jury that the law restraining swine was in force in the county where the injury occurred, is harmless, and not reversible error.

3. Appellate Practice: EVIDENCE: REASONABLE INFERENCE. In considering the sufficiency of evidence to go to the jury, the appellate court must allow it the weight, which every reasonable inference can properly give it.

4. Railroads: KILLING STOCK: ATTORNEYS' FEE: MOTION IN ARREST. The attorney's fee allowed by the statute is, an issue of fact for the jury, which cannot be waived, except by written consent, or oral consent in open court entered on the minutes, and advantage can be taken of the failure to submit it to a jury by motion in arrest, though no objection be made except in such motion.

5. ———: ———: COSTS. As defendant was compelled to appeal to be relieved of the error in assessing a fee for plaintiff's attorney, the docket fee will be taxed against the respondent.

*Appeal from the Daviess Circuit Court.*—HON. CHAS. H. S. GOODMAN, Judge.

AFFIRMED, in part; REVERSED AND REMANDED in part.

*Ed. E. Aleshire* for appellant.

(1) The court erred in refusing to give defendant's instruction number 6, at the close of the evidence. Under the law and the evidence, plaintiff was not entitled to judgment. As has been repeatedly said by all of the courts of this state, "It has been for a long time the settled law in this state that it is not only necessary to aver these facts, but also to establish them by proof at the trial." *Manuel v. Railroad*, 19 Mo. App. 631; *Palmer v. Railroad*, 21 Mo. App. 437; *Backenstoe v. Railroad*, 23 Mo. App. 148; *Harris v. Railroad*, 23 Mo. App. 328; *Wiseman v. Railroad*, 30 Mo. App. 516; *Kinion v. Railroad*, 30 Mo. App. 573; *Jewett v. Railroad*, 38 Mo. App. 48; *Nickerson v. Eddy & Cross*, receivers, 50 Mo. App. 569; *Mitchell v. Railroad*, 82 Mo. 106; *Backenstoe v. Railroad*, 86 Mo. 492; *King v. Railroad*, 90 Mo. 520; *Briggs v. Railroad*, 111 Mo. 168. (2) Instruction number 3 should not have been given for plaintiff, as there was no oral nor record testimony offered to show that the law restraining swine from running at large in Daviess county had ever been adopted. Courts cannot take judicial notice of the adoption of any special law by counties. This applies to the stock law, township organization, local option law, etc. *Foster v. Swope*, 41 Mo. App. 137; *State v. Mackin*, 41 Mo. App. 99; *City of Hopkins v. Railroad*, 79 Mo. 98; *State v. Hays*, 78 Mo. 600; *State v. Cleveland*, 80 Mo. 108. (3) The court erred in the refusal of defendant's instruction number 8. We have printed in the abstract every word of the evidence that in any way pertains to the manner in which the bay mare described in the complaint received her injury, and state that there is not a single statement contained in the evidence that can be construed so as to show this mare to have been injured by being frightened

into the bridge, as were the dun horse and black mare. Plaintiff's own evidence discredits this theory, and as nearly all of his evidence showed the damage to this mare to be at least $20, it was manifest injustice to permit the jury to take into consideration the question raised by the instruction. (4) The court should have sustained defendant's motion in arrest of judgment. After the finding of the jury the court made the further order and finding, to-wit: "Ordered by the court that plaintiff be allowed an attorney fee of $35, to be taxed as other costs." The question of the value of the attorney's fees to be allowed in the case should have been submitted to a jury, unless that right was by some of the statutory manners waived, and in this case there was no waiver. *Briggs v. Railroad*, 111 Mo. 168. And the motion in arrest of judgment should have been sustained. *Scott v. Russell*, 39 Mo. 409; *Cox v. Moss*, 53 Mo. 433; *Tower v. Moore*, 52 Mo. 120; *Brown v. Railroad*, 37 Mo. 298.

*Thos. A. Gaines* and *Alexander & Richardson* for respondent.

(1) It is not necessary that the venue shall be proven by direct testimony. It is sufficient if it can be inferred from the facts and circumstances in proof that the injury occurred in the township alleged in the complaint. *Kinney v. Railroad*, 27 Mo. App. 610; *State v. Miller*, 93 Mo. 263; *Singer v. Dickneite*, 51 Mo. App. 245; *Reilly v. Railroad*, 94 Mo. 600; *Thorpe v. Railroad*, 89 Mo. 650; *Holmes v. Braidwood*, 82 Mo. 610; *Davis v. Brown*, 67 Mo. 313; *Cole v. Railroad*, 47 Mo. App. 624; *Blondeau v. Sheridan*, 81 Mo. 545. (2) The giving of instruction number 3, relative to the swine law being in force in Daviess county, if error, was a harmless error, which worked no injury to

appellant. In the cases cited by appellant the question of the adoption of a city ordinance or of the local option law was a material issue in the case, and it was necessary to aver and prove that the local law was in force. In the present case it was entirely unnecessary to either aver or prove that the swine law was in force, and an instruction upon an immaterial matter will not constitute reversible error, unless it be shown that appellant was prejudiced thereby. *Orth v. Dorschlein*, 32 Mo. 366; *Hunter v. Miller*, 36 Mo. 143; *McLeod v. Skiles*, 81 Mo. 595; Elliott's Appellate Procedure, secs. 593, 632, 635; *West v. Camden*, 105 U. S. 507; *Morrow v. Railroad*, 17 Mo. App. 103; *Stanley v. Railroad*, 84 Mo. 625. (3) Where a question of fact is in issue and there is any evidence tending to prove it, it should be submitted to the jury. *Buesching v. Gas Light Co.*, 73 Mo. 219; *Nelson v. Board of Education*, 63 Mo. 137; *Smith v. Railroad*, 31 Mo. 287; *Bowen v. Lazalere*, 44 Mo. 383; *Grady v. Ins. Co.*, 60 Mo. 116. (4) The fifth point in appellant's brief, and the one mainly relied on by its counsel for the reversal of this cause, is that the court taxed an attorney's fee for plaintiff without calling a jury. The case of *Briggs v. Railway Co.*, 111 Mo. 169, is relied on by appellant and no doubt suggests the point, but we cannot agree with appellant's counsel that the case at bar is "squarely in line with it." In fact *Briggs v. Railway Company* falls very short of being decisive of this point. The order taxing the costs is not a part of the record proper, nor can it be made so except by bill of exceptions. The motion in arrest only goes to the record proper, while the taxation of costs is only incident to the judgment.

ELLISON, J.—This action was instituted under the provisions of sections 2611 and 2612, Revised Statutes, 1889, wherein an action is given for damages to stock

which may go upon a railroad right of way by reason of there not being a sufficient fence, and are injured in ways other than by colliding with the train. Judgment was given for plaintiff, both in the justice's court and the circuit court. Defendant has brought the case here.

I. Defendant contends that there was no evidence tending to show the township in which the injury occurred. We think there was when it is all considered together. The reasonable inference to be drawn from all the testimony on this point, was that the injury occurred in Benton township.

Defendant further contends that the court committed error in instructing the jury that the law restraining swine was in force in Daviess county. There being no evidence on this subject the instruction should not have been given; but we accept the view presented by plaintiff's counsel in this regard, and hold that, under the testimony as applied to the law of the case, no possible injury resulted to defendant by reason of the instruction. When it is apparent that no harmful result can follow from an error, the holding has always been that it was not reversible error.

Again, defendant contends that its instruction number 8 should not have been refused. This instruction declared there was no evidence that the bay mare was injured as charged in the plaintiff's complaint, and that no damage for her injury should be allowed by the jury. We have examined the evidence on this point in connection with argument of counsel, and have concluded to rule it against defendant. The evidence, we agree, is not as satisfactory as it might have been, but at the same time, when we consider that we must allow it the weight which every reasonable inference can properly give it, we cannot do otherwise than sustain the action of the court in submitting this issue to the

jury, and in also sustaining the jury's conclusion thereon; especially since the trial court refused to interfere therewith.

II. The next point of objection is based on the allowance of an attorney's fee of $35, under the provisions of section 2612, Revised Statutes, 1889. The trial court allowed the fee, without calling a jury, and without any waiver of a jury being entered by defendant as provided in section 2133. No objection was made to this by defendant, except by a motion in arrest. It was decided in *Briggs v. Railroad,* 111 Mo. 168, that a reasonable attorney's fee, as allowed by the statute aforesaid, was an issue of fact in the sense of the statute, section 2121, and that the parties were entitled to a jury, unless one was waived. It was furthermore decided in that case, that there could be no waiver, when the parties appeared, except by written consent filed with the clerk, or oral consent in court, entered on the minutes; and that advantage could be taken of this by motion in arrest. No waiver, as contemplated by that decision, was made in this case, and we must hold under that authority that error was committed against defendant. Plaintiff's counsel make a strong argument with citation of authority, against this view, but we are bound, under the constitution, to give the defendant the benefit of the last ruling of the supreme court.

The result is that we will affirm the judgment as to all things save that for the attorney's fee. As to the latter we will reverse the judgment and remand the cause for trial as to such fee. The costs of an abstract and other matters attending the branch of the case involving the attorney's fee is nominal. The appellant, however, was compelled (in a legal sense) to come to this court to be relieved of that error, and the docket

fee which he has paid will therefore be taxed against respondent. All other costs will be taxed against appellant. All concur.