ARTHUR KAUFFMAN, Respondent, v. KANSAS CITY, PITTS-BURG & GULF RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 18 and June 15, 1896.

1. **Railroads**: STOCK KILLED: EVIDENCE.  The evidence in this case is reviewed and *held* sufficient to go to the jury in an action under section 2612, Revised Statutes, 1889.

2. ———: ATTORNEY'S FEE: JURY.  The attorney's fee allowed by section 2613 for prosecuting an action under section 2612 should be assessed by a jury and not by the court.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

*Trimble & Braley* and *L. L. Scott* for appellant.

(1) Of course there was no liability on the part of the appellant simply on account of the well being left open and the right of way unfenced (*Hughes v. Railroad*, 66 Mo. 325), and there was no evidence that the cattle were frightened and run into the well by the train, and hence no evidence to take the case to the jury.  *Perkins v. Railroad*, 103 Mo. 52.    (2) The statute under which this suit is brought (R. S. 2612 and 2613) is a penal statute, and in cases of statutes exacting a penalty, greater strictness of construction, both as to the allegations and the proof, is required than in ordinary cases.  *Manz v. Railroad*, 87 Mo. 278, and cases cited.    (3) The evidence must be of a character to remove the question from the domain of mere con-

jecture. *Gerrans v. Mfg. Co.*, 51 Mo. App. 615; *Glick v. Railroad*, 57 Mo. App. 97; *Hyde v. Railroad*, 110 Mo. 272; *Peck v. Railroad*, 31 Mo. App. 123; *Gilliland v. Railroad*, 19 Mo. App. 411; *Wintuska's Adm'r v. Railroad*, 20 S. W. Rep. 819; *Hughes v. Railroad*, 16 S. W. Rep. 275; *Jackson v. Harden*, 83 Mo. 175; *Powell v. Railroad*, 76 Mo. 80; *Landis v. Hamilton*, 77 Mo. 554; *Reichenbach v. Ellerbe*, 115 Mo. 588; 2 Rice on Evidence, sec. 86, p. 125. (4) The defendant was unquestionably entitled to a trial by jury as to the amount to be assessed as an attorney's fee. *Briggs v. Railroad*, 111 Mo. 168.

*G. S. Hoss* for respondent.

(1) The plaintiff is not attempting to recover in this case simply because the company dug the well and left it uncovered on its right of way, and failed to fence the right of way; for we do not understand that this negligence renders the company liable, but that the plaintiff is required to show in addition to this that the cattle were frightened by the passing train of the defendant. We do not understand that the plaintiff is required to show, as is intimated in the argument of appellant, that someone saw the cattle frightened into the well. (2) As to the taxation of attorney's fees, we admit that the point is well taken. But only that part of the case relating to attorney's fees should be reversed, which we consent may be done, and only such costs as are incident thereto should be taxed against respondent. *Dilly v. Railroad*, 55 Mo. App. 123.

GILL, J.—Plaintiff sued the defendant for the value of nine head of steers, which were found, on the morning of November 23, 1893, drowned in a large open well, located on the defendant's right of way,

where the same passes through plaintiff's farm.   The action is based on section 2612, Revised Statutes, 1889, which imposes a liability on a railroad company for stock killed or injured when they shall enter onto an unfenced right of way, become frightened at a passing train or locomotive, and, by reason thereof, run into any fence, culvert, bridge, slough, or mire, or other object along the line of said road.   Section 2613 follows and declares it the duty of the trial court, where the stock owner has been compelled to bring suit for his damages, and shall recover, to tax up a reasonable attorney's fee in favor of the plaintiff.

On a trial of the cause before a jury, plaintiff had a verdict for $175, for which the court gave judgment, together with the sum of $50 attorney's fees and defendant appeals.

But two questions are presented for our consideration, to wit:   *First*, did the evidence justify a submission of the case to the jury, and, *second*, was the trial judge authorized, without the aid of a jury, to fix the value of the attorney's fees, in face of the defendant's request that the amount of such fees be determined by a jury trial.

As to the first point, a careful inspection of the testimony leaves no doubt in our minds as to the correctness of the court's action in overruling defendant's demurrer to the evidence.   It stands undisputed that on the night of November 22, 1893, plaintiff had about fifty steers in his pasture adjoining defendant's right of way, which was not fenced; that defendant had at that point a large open well, about twelve feet in diameter, and which, according to plaintiff's evidence, was filled with water, to within about three feet of the top; that about midnight of November 23, one of defendant's freight trains passed north.   But as to whether or not at this time the cattle were on the right

of way and were frightened and ran ahead of the train and fell into the open well, the evidence is somewhat conflicting. This question was passed on by the jury and they found in the affirmative. And we think they were amply sustained in this conclusion by the clear tendency of the evidence.

But as to the second point, it must be held against the plaintiff. The defendant was entitled to have the amount of attorney's fees fixed by the verdict of a jury. *Dilly v. Railroad*, 55 Mo. App. 123. And as was done in that case, the judgment will be affirmed in all things except that portion relating to the allowance of attorney's fees. As to that, the judgment will be reversed and the cause remanded for trial as to such fee. All the costs will be taxed against the defendant, except the docket fee, which will be taxed against the plaintiff. All concur.