STATE ex rel. MISSOURI COMMISSION
ON HUMAN RIGHTS, Relator,

v.

The Honorable Herbert LASKY, Circuit
Judge, Circuit Court for St. Louis
County, Missouri, Respondent.

No. 44199.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 15, 1981.

John Ashcroft, Suzanne M. Boersig, Jefferson City, for relator.

Eugene H. Fahrenkrog, Jr., St. Louis, for respondent.

SMITH, Judge.

The Missouri Commission on Human Rights sought our writ of prohibition to prevent the trial court from utilizing a jury to review a determination by the Commission that Central Auto Air Conditioning Company had unlawfully discriminated in its employment practices on the basis of race. We issued our preliminary writ which we now make absolute.

Following a complaint from a terminated employee of Central Air, the Commission found, after hearing, that the company had discriminated against the employee because of his race. Central Air sought judicial review of that determination pursuant to § 296.050(2), RSMo 1978. Paragraph 3 of that section (as well as paragraph 11 of

§ 296.040) provides that such judicial review "shall be in the manner provided by Chapter 536, RSMo." Section 536.140, RSMo 1978, dealing with such judicial review provides: "The court shall hear the case *without a jury* ..." (Emphasis supplied). Central Air filed a request for jury trial with the trial court which the trial court refused to dismiss upon motion by the Commission. Our writ followed.

Respondent seeks to uphold the propriety of its action on the basis that Art. I, Sec. 22(a), Missouri Constitution, protects the right of trial by jury and that Sec. 536.140 denies that right. We find this contention specious for several reasons.

■ First: the cited provision of the constitution holds inviolate the right to jury trial "as heretofore enjoyed." This provision has been held to mean:

"... that the right of trial by jury as it existed at common law shall remain inviolate, and that the constitutional provision has reference only to such rights as existed at the time of the adoption of our Constitution, and in the class of cases to which it was then applicable." *De May v. Liberty Foundry Co.*, 327 Mo. 495, 37 S.W.2d 640 (1931) [9–11].[1]

The creation of an administrative body to investigate complaints of discrimination in employment and to issue orders to correct such abuses did not occur until 1961 in this state. It was not a procedure known to the common law or in existence prior to the adoption of the 1945 Constitution. Trial by jury to review such proceedings was not, therefore, "heretofore enjoyed." *De May v. Liberty Foundry, supra; Miller v. Russell*, 593 S.W.2d 598 (Mo.App.1979) [11].

■ Second: Art. V, Sec. 18 of the Constitution provides that review of administrative agency decisions by the courts shall be "as provided by law." The procedure by which this review may be obtained is determined and defined by the General Assembly. *Lafayette Federal Savings and Loan Ass'n v. Koontz*, 516 S.W.2d 502 (Mo.App. 1974) [1–3]. The General Assembly has provided that such review shall be by a court without a jury. Respondent contends that because the original discriminatory employment practice act provided for a jury trial on review (Laws 1961, p. 439 at 443), the subsequent change eliminating such review (Laws 1965, p. 442 at 444) was the elimination of a constitutional right to jury trial. But the original provision for trial by jury did not convey a constitutional right to such trial, only a statutory right. The General Assembly was empowered to change that statutorily granted right.

■ Third: the Commission is empowered by Sec. 296.040(7) to grant relief of an injunctive nature. The Commission's statutory powers are similar to those exercised by an equity court. The judicial review is ·of the exercise of those powers. It has been clearly established that cases of an equitable nature do not require a trial by jury. *Wolf v. Hartford Fire Ins. Co.*, 304 Mo. 459, 263 S.W. 846 (banc 1924) [2].

The trial court is bound by the review provisions of Sec. 296.050 and 536.140. It lacked jurisdiction to allow a different review than that provided by the statutes.

■ Respondent also contends that the procedure before the Commission denied Central Air due process and that we should order the matter remanded to the Commission for compliance with due process. The trial court has not determined whether the

---

1. Two lines of authority based upon this premise appear to exist. One line holds that since there has been no substantial change in this provision since the original constitution of this state was adopted that the right "as heretofore enjoyed" refers to trial by jury as it existed under the common law and territorial laws in effect upon the adoption of the first Constitution. *See, In re Moynihan*, 332 Mo. 1022, 62 S.W.2d 410 (1933) [6–8]; *Miller v. Russell*, 593 S.W.2d 598 (Mo.App.1979) [11].

Another line appears to hold that the law in existence immediately prior to the adoption of the most recent Constitution determines whether the right exists. *See, Vannoy v. Swift & Co.*, 356 Mo. 218, 201 S.W.2d 350 (1947) [8, 9]; *State ex rel. Peper v. Holtcamp*, 235 Mo. 232, 138 S.W. 521 (1911) [1]. Given the facts in those cases, we are not convinced that in fact a dichotomy exists. In any event, we need not resolve the apparent conflict here.

proceedings before the Commission complied with due process standards. This is part of its scope of review under Sec. 536.-140. Such a determination is not before us on this writ of prohibition testing the court's jurisdiction. The trial court's determination of that question is a matter for appeal, not prohibition.

Our preliminary writ, which prohibited respondent from taking any further action in the underlying case, is modified to read: "You are ordered to refrain from granting or allowing petitioner's request for jury trial in the cause entitled *Central Auto Air Conditioning Co. v. Missouri Commission on Human Rights*, Circuit Court, No. 413840, and are directed to grant respondent's motion to dismiss such request for jury trial." As modified, our preliminary writ is made absolute.

SATZ, P. J., and SIMON, J., concur.