STATE of Missouri, ex rel. James W. TOLBERT, Relator,

v.

The Honorable J. Miles SWEENEY, Judge of the Circuit Court of Greene County, Missouri, Division 2, Respondent.

No. 17675.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 27, 1992.

Motion for Rehearing or Transfer to
Supreme Court Denied
March 20, 1992.

Application to Transfer Denied
June 2, 1992.

Dennis T. Rathmann of Stubbs, Abele & Rathmann, St. Louis, John D. Hammons, Jr. of Ellis, Ellis & Black, Springfield, Newton G. McCoy, St. Louis, for relator.

William A. Brasher, Daniel R. Francis of Law Offices of William A. Brasher, St. Louis, for respondent.

ORIGINAL PROCEEDING
IN PROHIBITION

MONTGOMERY, Judge.

PRELIMINARY ORDER QUASHED

This case is an original proceeding in prohibition. Our preliminary order was issued, and the matter is now here for final determination. Rule 97.[1]

Relator is plaintiff in the underlying action against Burlington Northern Railroad Company. Respondent is the Judge of Division 2, 31st Judicial Circuit, Greene County, Missouri.

Relator's fourth amended petition contains two counts. Count I sets forth a claim of age discrimination based upon the Missouri Human Rights Act, § 213.010, RSMo 1986,[2] *et seq.* The prayer requests actual and punitive damages and attorney fees. Count II of the petition is a

---

1. Rule references are to Missouri Rules of Court (1991) unless otherwise indicated.

2. Statutory references are to RSMo 1986 unless otherwise indicated.

FELA[3] claim. Respondent granted Defendant's motion to sever Counts I and II for separate trials and to strike Relator's demand for jury trial on Count I. The order was stayed for fifteen days during which time Relator commenced this proceeding. Relator's right to jury trial on Count II is undisputed.

This action involves the principal question[4] of whether Respondent acted in excess of the court's jurisdiction when indicating Relator's demand for a jury trial would be denied on Count I. Our preliminary order directed Respondent to take no further action to sustain Defendant's motion to strike Relator's demand for jury trial.

■ The remedy afforded by the writ of prohibition is to prevent usurpation of judicial power. § 530.010. It is not meant "to provide a remedy for all legal difficulties nor serve as a substitute for appeal." *State ex rel. Eggers v. Enright*, 609 S.W.2d 381, 382 (Mo. banc 1980). "Though appeal must provide an adequate remedy, the essential function of prohibition is to confine judicial activities within limits of cognizable authority, preventing actions in want or in excess of the court's jurisdiction." *Id.* "Procedurally it is relator's burden to establish that respondent has usurped or acted in excess of his jurisdiction." *Id.* Furthermore, an act in excess of jurisdiction must be clearly evident. *State ex rel. Tarrasch v. Crow*, 622 S.W.2d 928, 937 (Mo. banc 1981).

■ If Respondent has improperly denied Relator's jury trial request, prohibition is appropriate. Such action of the trial court would be outside its jurisdiction. *State ex rel. Estill v. Iannone*, 687 S.W.2d 172, 175 (Mo. banc 1985); *XLNT Corp. v. Municipal Court of Kansas City*, 546 S.W.2d 6, 7 (Mo. banc 1976).

Relator's main point is that a right to a jury trial exists under the Missouri Human Rights Act[5] if interpreted and applied in light of Article I, § 22(a), of the Missouri Constitution. That section, in part, provides: "That the right of trial by jury as heretofore enjoyed shall remain inviolate...." Relator reasons that an action for a money judgment involving factual issues falls within the constitutional right of trial by jury. Since he seeks only money damages involving factual issues, our constitution provides him with a right to jury trial. With extreme candor, Relator admitted in oral argument he amended Count I of his fourth amended petition to request only money damages seeking to ensure his constitutional right to jury trial.

Relator further contends that other state human rights acts with language similar to § 213.111 have been applied and interpreted to require a right to a jury trial. Respondent counters with an argument that the legislative history of the MHRA shows a lack of legislative intent to provide a jury trial. Respondent insists that Relator has no constitutional right to jury trial because no cause of action under the MHRA existed when our constitution was adopted in 1945.

■ Both parties agree § 213.111[6] makes no explicit provision for jury trial and that no Missouri appellate court has spoken on the issue before us. Therefore, this case is one of first impression in this state. We believe a review of Chapter 213 (MHRA) and its predecessor, Chapter 296, will shed light on the legislative intent concerning the right to jury trial. We discuss that point first.

In 1961, our General Assembly first passed legislation dealing with discriminatory practices in matters of employment (Laws of Missouri 1961, p. 439) which became Chapter 296. The Missouri Commis-

**3.** Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.*

**4.** We would be remiss if we failed to comment on the outstanding quality of the briefs and arguments of both sides. Faced with a difficult question, we are greatly aided by the diligent efforts of the parties.

**5.** For brevity we shall henceforth refer to the Missouri Human Rights Act as MHRA.

**6.** § 213.111.1 provides, in part: "[A civil] action may be brought ... either before a circuit or associate circuit judge." § 213.111.2 further provides, in part: "The court may grant as relief, as it deems appropriate,...."

sion on Human Rights was created to investigate, initiate and pass upon complaints alleging discrimination in employment. § 296.030. The Commission was empowered to hear such complaints and make appropriate orders. § 296.040. Any person aggrieved by orders of the Commission was entitled to judicial review in circuit court by trial de novo. Specifically, "[a]ny party to the proceeding in the circuit court shall be entitled to a trial of the issues by a jury, upon written request therefor filed before the trial date." § 296.050.1. Further, "[at] the conclusion of the trial in the circuit court, the court may, consistent with the verdict of the jury, affirm or reverse in whole or in part, or may modify, the decision and order of the commission...." § 296.050.2.

In 1965, the General Assembly amended § 296.050. The right to trial de novo and to jury trial was eliminated, and in lieu thereof, judicial review was in the manner provided by Chapter 536, RSMo.[7]

The current MHRA became law in 1986 when the General Assembly repealed Chapter 296 and replaced it by enactment of Chapter 213. Presently a person may commence an action by filing a complaint with the Commission. A panel of the Commission hears the case and issues its decision and orders. § 213.075. An aggrieved party may obtain judicial review of the decision and orders of the Commission in the manner provided by Chapter 536, RSMo. § 213.085.

An alternative to the procedure above described is provided by § 213.111.1 which reads:

> If, after one hundred eighty days from the filing of such complaint the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claiming to be aggrieved a letter indicating their right to bring a civil action within ninety days of such notice against the respondent named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, *either before a circuit or associate circuit judge*. Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the commission after the issuance of a notice under this section relating to the same practice or act. Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.

> 2. *The court may grant as relief, as it deems appropriate*, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual and punitive damages, and may award court costs and reasonable attorney fees to the prevailing party, other than a state agency or commission; except that, a prevailing respondent may be awarded court costs and reasonable attorney fees only upon a showing that the case is without foundation. (Emphasis added.)

Relator availed himself of the relief provided by the above statute.

By 1989, for the fourth time, the legislature attempted to address the right to jury trial (or lack thereof) under MHRA. That year the legislature passed H.B. 758 which proposed to amend § 213.111 by the addition of the following sentence: "Such action shall be tried before a jury if one is requested by either party." Governor Ashcroft vetoed H.B. 758 on July 14, 1989. By virtue of the veto, § 213.111 remains silent on the right to jury trial.

"The primary rule of statutory construction requires the Court to ascertain the intent of the legislature, considering the words in their plain and ordinary meaning." *Union Elec. Co. v. Director of Reve-*

---

7. § 536.140.1, RSMo 1959 provides, in part: "The court shall hear the case without a jury...."

*nue*, 799 S.W.2d 78, 79 (Mo. banc 1990). The intent of the legislature may also be ascertained when a statute is amended as in this case. "When the legislature amends a statute, changing its language, it is presumed to have intended the change to have some effect." *Holt v. Burlington Northern R. Co.*, 685 S.W.2d 851, 857 (Mo. App.1984). "[A]n amended statute should be construed on the theory that the legislature intended to make some substantive change in the law." *Id.* "In construing a statute a fundamental precept is that the legislature acted with knowledge of the subject matter and the existing law." *Id.* It was further held in *State ex inf. Danforth v. David*, 517 S.W.2d 56 (Mo.1974), that amendatory legislation may be considered in the interpretation of the original statute.

Application of the above principles convinces us that the legislature did not intend to provide for trial by jury in cases under the MHRA. As shown, the original Act in 1961 made clear and explicit provisions for trial by jury. Just as clearly the legislature eliminated that right in 1965. In 1986, the legislature replaced Chapter 296 with Chapter 213 which again made no provisions for trial by jury. We must presume the legislature intended its amendment of § 296.050 to have some effect when the right to jury trial was eliminated. *Holt v. Burlington Northern R. Co., supra.* When the legislature replaced Chapter 296 with Chapter 213, we further assume the legislature acted with knowledge of the subject matter and existing law to the effect that a right to jury trial was provided in the original Act but eliminated four years later. *Holt v. Burlington Northern R. Co., supra.* Additionally, we believe it is significant that the legislature attempted to add the right to trial by jury in 1989 to § 213.111 even though thwarted by veto. If the legislature had intended § 213.111 to provide for trial by jury when originally passed, no purpose would have been served by the attempted amendment in 1989. Finally, we are held to consider the plain words of § 213.111 in their ordinary mean-

ing. *Union Elec. Co.*, 799 S.W.2d at 79. The plain meaning of trial "either before a circuit or associate circuit judge" in § 213.-111.1 does not indicate trial by jury. Neither does § 213.111.2 indicate trial by jury by use of the phrase "[t]he court may grant as relief, as it deems appropriate...." Conversely, the legislature used words of plain meaning in 1961 when § 296.050 provided for trial by jury upon request of any party. The court was also given authority, "consistent with the verdict of the jury," to affirm, reverse or modify the decision or order of the Commission. Neither the 1965 amendment nor the present statute, § 213.111, contains language similar to the express grant of trial by jury in the original statute. We hold that § 213.111 does not provide for trial by jury.

Both parties cite cases from other jurisdictions to support their position concerning the right to jury trial under statutes similar to the MHRA. We do not discuss those cases because we have held that the legislative history of the MHRA indicates no right to jury trial exists.

Having so held, we still must address the main point of Relator that he has a constitutional right to a jury trial because he only seeks money damages. For reasons which follow, we find no constitutional right to jury trial exists in MHRA cases even if money damages only are sought.

*State ex rel. Missouri Comm'n on Human Rights v. Lasky*, 622 S.W.2d 762 (Mo. App.1981), arose under the predecessor [8] to our current MHRA. There the Commission sought a writ of prohibition to prevent the trial court from utilizing a jury to review a determination by the Commission. Respondent sought to uphold the propriety of its action on the basis that Article I, § 22(a), Missouri Constitution, protects the right of trial by jury and that § 536.140 denies that right. The Court found that contention specious and said:

> [T]he cited provision of the constitution holds inviolate the right to jury trial "as heretofore enjoyed." This provision has been held to mean:

8. Chapter 296, after § 296.050 was amended in

1965 eliminating the right to jury trial.

"... that the right of trial by jury as it existed at common law shall remain inviolate, and that the constitutional provision has reference only to such rights as existed at the time of the adoption of our Constitution, and in the class of cases to which it was then applicable." *DeMay v. Liberty Foundry Co.*, 327 Mo. 495, 37 S.W.2d 640 (1931) [9–11].

*Id.* at 763.

We recognize the contention here is different from *Lasky* in that no jury is requested by Relator to review an administrative decision. But a broader principle is announced in *Lasky* which derives from *DeMay*—Art. I, § 22(a) of the Missouri Constitution has reference to rights which existed at the time of the adoption of our constitution in 1945. Referring to Chapter 296, the *Lasky* Court said: "It was not a procedure known to the common law or in existence prior to the adoption of the 1945 Constitution. Trial by jury to review such proceedings was not, therefore, 'heretofore enjoyed.'" *Id.*

In the instant case, Chapter 213 was not a procedure known to common law or in existence prior to the adoption of our 1945 Constitution. Therefore, trial by jury to award money damages in age discrimination cases was not "heretofore enjoyed." An additional contention of respondent, in *Lasky*, is significant. It was contended that because the original act provided for a jury on review (Laws 1961, p. 439 at 443), a subsequent change eliminating such review (Laws 1965, p. 442 at 444) was the elimination of a constitutional right to jury trial. The Court said: "But the original provision for trial by jury did not convey a constitutional right to such trial, only a statutory right. The General Assembly was empowered to change that statutorily granted right." *Id.* We believe the reasoning of *Lasky* is sound and applies to the issue before us. Like its predecessor, the MHRA did not exist in 1945, and under *Lasky* no constitutional right to a jury trial existed when the original 1961 enactment granted such right. To now find a constitutional right to a jury trial is antagonistic to *Lasky* when the purpose of the Act remains essentially unchanged from its predecessor.

Yet Relator forcefully argues *Briggs v. St. Louis & San Francisco R. Co.*, 111 Mo. 168, 20 S.W. 32 (1892), dictates a different result. Involved there was a statutory cause of action under §§ 2612 and 2613, Revised Statutes of 1889. Those sections provided for damages to the owner of livestock killed or injured by a locomotive and provided for reasonable attorney fees in favor of plaintiff. The trial court assessed attorney fees without the aid of a jury. The railroad appealed contending the attorney fees should have been tried by jury, and the statute making no provision for such mode of assessment was unconstitutional. The Court upheld the statute but agreed that the attorney fee issue was triable by a jury stating:

The constitution provides that the "right of trial by jury, as heretofore enjoyed, shall remain inviolate." Section 28, art. 2. "An issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived, or a reference ordered." Rev.St. 1889, § 2131. When the statute (section 2613, supra) provided that the fee to be taxed as cost should be reasonable, the trial of an issue of fact was implied. The fee allowed is in the nature of a penalty or as exemplary damages imposed as a punishment for the negligent and willful disregard of the requirements of the statute. Upon these grounds alone its constitutionality has been upheld. The fact that the amount is taxed as costs, and is called an attorney's fee, does not change its real character. It is very clear to us that the defendant was entitled to a jury trial in the assessment of the value of the legal services, and the statute could not deprive it of that right. Yet it does not follow that the law is unconstitutional for the reason that it does not expressly reserve the right to a jury trial. That constitutional right is implied in all cases in which an issue of fact, in an action for the recovery of money only, is involved, whether the right or liability is one at common law or is one created by statute.

The right to a jury trial exists in all proper cases without an express grant. *Id.* at 33 (citations omitted).

Relator urges that we should not dismiss *Briggs* as an ancient case with no "continuing vitality" because it was cited with approval in *Meadowbrook Country Club v. Davis,* 421 S.W.2d 769 (Mo. banc 1967). However, the only issue in *Meadowbrook* was the validity of a local rule of the St. Louis Circuit Court. That rule required a party to file a request for a jury trial within thirty days on appeal from magistrate or municipal court. Failure to do so resulted in the case being tried by the court. The action was a suit on a debt. Our Supreme Court cited *Briggs* for the proposition that an *action at law* for the recovery of money falls within the constitutional guarantee of the right to trial by jury unless the jury is properly waived.

We do not view *Meadowbrook* as controlling because the issue there is dissimilar to the instant case. Likewise, we determine that *Briggs* does not control our decision.

Granted, *Briggs* appears to hold that a statutory cause of action, created after our Constitution of 1875, was constitutionally guaranteed to be triable by jury. Obviously, such right had not been "heretofore enjoyed" in 1875. On the other hand, *DeMay v. Liberty Foundry Co.,* 327 Mo. 495, 37 S.W.2d 640 (Mo.1931), relied upon by *Lasky,* seems contrary to *Briggs.* Our Supreme Court in *DeMay* held that the Workmen's Compensation Act does not "violate or contravene section 28, article II, of our Constitution, which guarantees that 'the right of trial by jury, as heretofore enjoyed, shall remain inviolate.'" *Id.* at 648. (We have earlier recited from *Lasky* the holding of *DeMay* which is antagonistic to *Briggs.*) The Workmen's Compensation Act became law in 1926 long after the adoption of the 1875 Constitution which was in existence at that time.

The distinction between *Briggs* and *DeMay* appears to be based upon the type of statutory cause of action involved. The *Briggs* action arose from a statute creating a cause of action against railroads causing damage to livestock. The action was clearly one at law not equity. Conversely, *DeMay* was decided on the basis that the Workmen's Compensation Act created a special statutory proceeding in the nature of an equitable action.

While such proceeding is special and wholly statutory, and therefore is in a class by itself, it perhaps partakes more of the nature of an action in equity than it does of an action at law. It is well and thoroughly settled in this state and jurisdiction that actions or proceedings in equity are not triable by a jury, as a matter of constitutional right.

*Id.* at 648.

Without further attempting to reconcile *Briggs* and *DeMay,* we determine that *DeMay* controls our decision. The proceedings in an MHRA case are certainly more akin to those in a workmen's compensation case than an action for killing or injuring livestock. The original MHRA was enacted "to eliminate and prevent discriminatory practices in matters of employment because of race, creed, color, religion, national origin, or ancestry, and prescribing penalties for violations." (Laws of Missouri 1961, p. 439). The original purpose carries through to the present with expanded unlawful discriminatory practices such as age discrimination.

Penalties for violation of the MHRA which can be assessed by the Commission are back pay, hiring, reinstatement or upgrading, restoration to membership in any respondent labor organization, the extension of full, equal and unsegregated housing, the extension of full, equal and unsegregated public accommodations, and actual damages. § 213.075.8. All such penalties are equitable in nature except actual damages. Section 213.111.2 provides the court may grant any permanent or temporary injunction, temporary restraining order, or other order, actual and punitive damages, court costs and reasonable attorney fees. With the exception of actual and punitive damages the relief set forth is normally equitable in nature.

It can be observed that the MHRA is, like the Workmen's Compensation Act, special, wholly statutory, and in a class by

itself. Relator contends that the addition of punitive damages to § 213.111.2, not available in the administrative proceeding, creates an incentive to proceed in circuit court. We do not disagree. However, we view the broad range of relief in both the court and the administrative proceeding as weapons to discourage unlawful discriminatory practices in the workplace. Because most of the weapons are equitable in nature, we do not believe a constitutional right to a jury trial has been carved out of the overall scheme of the MHRA. We view the main thrust of relief to be afforded by the court as equitable in nature. The additional relief (actual and punitive damages) is provided to allow a party full redress of any wrong under the MHRA. In *State ex rel. Willman v. Sloan*, 574 S.W.2d 421, 422 (Mo. banc 1978), the Court said: "However, there is no right to trial by jury in a case in equity." Furthermore, "[a]lthough damages are usually a legal remedy, a court of equity may decree them where they are the relief necessary in order to do equity." *Id.* Under § 213.111.2 such damages can be assessed in order to do equity along with a broad range of injunctive and other relief. To ignore the range of equitable relief in the MHRA, except actual and punitive damages, is to ignore the real purpose of the Act.

Finally, Relator urges that because he has a right to jury trial on his FELA claim, both claims should be jury tried together to avoid piecemeal trials and possibly conflicting results. That point is not properly before us because our preliminary order only ordered Respondent to take no further action to sustain Defendant's motion to strike Relator's demand for jury trial on Count I.

We find that the preliminary writ should be and hereby is quashed. Costs of this proceeding are taxed against Relator.

SHRUM, P.J., and MAUS, J., concur.