702 F.Supp. 230 (1988)
James R. STEWART, Plaintiff,
v.
YELLOW FREIGHT SYSTEMS, INC. OF INDIANA, Defendant.
No. 88-985 C (5).
United States District Court, E.D. Missouri, E.D.
December 22, 1988.
Nathan S. Cohen, St. Louis, Mo., for plaintiff.
Ronald K. Fisher, Chesterfield, Mo., Ronald Sandhaus, Overland Park, Kan., for defendant.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
This matter is before the Court on defendant's motion to strike plaintiff's jury demand. Plaintiff James R. Stewart filed this one-count civil action against defendant Yellow Freight System alleging violations of the Missouri Human Rights Act, R.S.Mo. §§ 213.010-213.126. R.S.Mo. § 213.111 authorizes persons claiming to be aggrieved by an unlawful discriminatory practice to bring a civil action if the commission on human rights denies the administrative complaint or fails to act on the complaint within 180 days after it was filed. Nowhere in Chapter 213 did the general assembly state whether a party is entitled to a jury trial, and the issue has not been ruled on by any Missouri court. This case, therefore, is one of first impression.
The right to a jury trial in federal court is to be determined according to federal law. Simler v. Conner, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963). The Supreme Court has held that the seventh amendment applies "to actions enforcing statutory rights, and requires a jury trial upon demand if the statute creates legal rights and remedies enforceable in an action for damages in ordinary courts of law." Curtis v. Loether, 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974).
In addressing plaintiff's right to a jury trial, the parties have analogized the Missouri statute to federal employment discrimination statutes. Defendant contends this action is similar to a claim brought *231 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., which does not afford a plaintiff the right to a jury trial. Harmon v. May Broadcasting Co., 583 F.2d 410 (8th Cir.1978). Plaintiff urges the Court to follow the law for actions brought under 42 U.S.C. § 1981, which allows a plaintiff to have a jury trial. Setser v. Novack Investment Co., 638 F.2d 1137 (8th Cir.), vacated in part on other grounds, 657 F.2d 962, cert. denied, 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981). A more thorough analysis is necessary before making that determination.
In Harmon and Setser, the Eighth Circuit focused on the remedies available to plaintiffs under Title VII and § 1981. 42 U.S.C. § 2000e-5(g) sets forth the possible relief upon a finding of discrimination under Title VII:
If the court finds that the [defendant] has intentionally engaged in or is intentionally engaging in an unlawful employment practice ... the court may enjoin the [defendant] from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay ... or any other equitable relief as the court deems appropriate.
Because reinstatement and back pay have traditionally been viewed as forms of equitable relief to which the seventh amendment does not apply, jury trials have not been allowed in Title VII actions. Harmon, 583 F.2d at 410-11.
The remedies available under § 1981 are much broader than those under Title VII. "An individual who establishes a cause of action under § 1981 is entitled to both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages." Johnson v. Railway Express Agency, 421 U.S. 454, 460-61, 95 S.Ct. 1716, 1720-21, 44 L.Ed.2d 295 (1975). Under the Supreme Court's holding in Curtis v. Loether, supra, a plaintiff may demand that a jury adjudicate his claim if legal remedies such as conpensatory and punitive damages are sought. In Setser v. Novack Inv. Co., the Eighth Circuit extended this right to apply to the equitable remedy of backpay. "In our view, the remedy of backpay in § 1981 cases is more appropriately characterized as a compensatory, legal damage." Setser, 638 F.2d at 1142. Because the plaintiff in Setser did not seek reinstatement, that issue was not addressed.
The remedies for a violation of the Missouri Human Rights Act are set forth in R.S.Mo. § 213.111.2:
The court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual and punitive damages, and may award court costs and reasonable attorney fees to the prevailing party....
The availability of both legal and equitable relief more closely resembles the relief that may be recovered for a violation of 42 U.S.C. § 1981 rather than Title VII. The Eighth Circuit's ruling in Setser v. Novack Inv. Co. that a plaintiff is entitled to a jury trial on all claims under § 1981 should apply also to claims brought pursuant to the Missouri Human Rights Act.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to strike jury demand is DENIED.