Eva PICKETT, Plaintiff–Respondent,

v.

EMERSON ELECTRIC CO.,
Defendant–Appellant.

No. 60301.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 6, 1992.

Application to Transfer Denied
June 30, 1992.

Thomas M. Hanna, Kevin J. Lorenz, St. Louis, for defendant-appellant.

Michael J. Hoare, John D. Lynn, Rhonda K. Webb, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal by defendant, Emerson Electric Company (Emerson) from a judgment in favor of plaintiff Eva E. Pickett (Pickett) on her discrimination claim brought under the Missouri Human Rights Act (MHRA) § 213.010 *et seq.* RSMo (1986). Pickett alleged that Emerson violated that part of the MHRA which makes unlawful any retaliation or discrimination against a person because that person has exercised rights under the Act. § 213.070(2) RSMo (1986). Specifically, Pickett alleged that as a result of her previous claim alleging sexual discrimination in job promotion, Emerson required her to perform tasks that she had not previously been asked to perform.

Over the objection of Emerson, the case was tried before a jury which returned a verdict of $1 actual damages and $1,000 punitive damages. Additionally, Emerson was ordered by the court to pay attorney's fees and costs of $55,950 pursuant to § 213.111 RSMo (1986) which allows the court to award costs and reasonable attorney's fees to the prevailing party.

Emerson appeals from this verdict on several grounds. These grounds include the trial court's ruling on the request for a jury trial; the court's refusal to enter a directed verdict or a judgment notwithstanding the verdict; an improper instruction; and the award of reasonable attorney's fees. We decline Emerson's invitation to address each of these issues as we find the issue concerning the right to a jury trial dispositive.

The parties to this cause did not have the benefit of *State of Missouri, ex rel. James W. Tolbert v. The Honorable J. Miles Sweeney,* 828 S.W.2d 929 (Mo.App.1992), an opinion handed down by our colleagues in the Southern District a week prior to the oral argument before this court.

The issue in *Tolbert* arose out of an application for a Writ of Prohibition seeking to restrain the trial judge from allowing the underlying suit to be tried before a jury. In *Tolbert,* the plaintiff filed suit claiming a violation of the Missouri Human Rights Act, *See* 213.010 *et seq.* RSMo 1986. The prayer for relief requested *actual and punitive damages and attorney's fees.*

The relator in *Tolbert* claimed he had a right to have his action tried before a jury under MHRA as well as a constitutional right to a jury trial based on the factual issues and relief requested. The same issues are before us in the case *sub judice*.

Our research is in accord with *Tolbert*. We conclude that as MHRA is written, a claimant under the Act is not entitled to a jury trial.[1] Rather than needlessly reproduce and regurgitate the principles, rules and authority outlined by our colleagues in the Southern District, we simply refer readers to *Tolbert*.

Prior to oral argument Pickett filed a motion for appellate attorney's fees. Until the completion of the prosecution of Pickett's claim, we believe, the award of any attorney's fees is premature.

We reverse and remand.

STEPHAN and CRIST, JJ., concur.

---

**1.** We do note that *Stewart v. Yellow Freight Systems, Inc. of Indiana*, 702 F.Supp. 230 (1988) in interpreting MHRA concluded that a plaintiff is entitled to a jury trial under MHRA.