**Dorothy WENTZ, Appellant/Cross-Respondent,**

v.

**INDUSTRIAL AUTOMATION, Respondent/Cross-Appellant.**

**Nos. 60816, 60830.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 29, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 28, 1993.

Application to Transfer Denied
March 23, 1993.

Gray & Ritter, P.C., Jeffrey J. Lowe, St. Louis, for appellant/cross-respondent.

Eric Taylor & Associates, P.C., Eric Taylor, Elliott I. Goldberger, St. Louis, George E. Schaff, Clayton, for respondent/cross-appellant.

PUDLOWSKI, Judge.

Plaintiff-appellant, Dorothy Wentz, appeals, claiming the trial court's judgment awarding her $10,000 in damages and $15,000 in attorney's fees in her handicap discrimination suit is inadequate. Appellant argues, in the alternative, that the trial court abused its discretion in failing to grant appellant a new trial on the issue of damages. Respondent, Industrial Automation, Inc. (Automation), cross appeals claiming the award of attorney's fees and damages excessive. Additionally, respondent contends the verdict directing instruction used at trial misstated the law. Respondent also claims it was plain error to try a cause based on the Missouri Human Rights Act to a jury. § 213.010 et seq., RSMo 1986. Finally, respondent contests the exclusion of certain items of evidence tending to demonstrate appellant unfit for employment at Automation. Reversed and remanded.

### Facts

In 1965, appellant was involved in a motorcycle accident in southern Illinois. Appellant's left leg was severed above the knee, and she was fitted with an artificial limb soon after the accident. She currently experiences only minor difficulty of movement.

In July 1987, Automation lost its office manager of 8½ years and began to interview replacement candidates. One of the candidates was appellant. Automation's president, Russel Nemer, hired appellant

conditionally for a two week trial period to determine her suitability for the job. Her starting salary was to be $18,000 per year with a promise that she would advance to a higher salary based on merit. Appellant's employment lasted 8½ days at which point she was terminated by Russel Nemer. Appellant stated that her termination was based upon Mr. Nemer's inability to adjust to her handicap. At trial, respondent vigorously argued that appellant was terminated due to her deficient typing, handwriting, grammar, and office skills.

During 1987, appellant earned a total of $4,523.63 and worked for three different companies including Automation. Appellant claims she is entitled to $63,195 in lost wages. Appellant arrives at this figure by subtracting her total earnings after termination by Automation ($7,530) from her presumed earnings had she remained as the office manager at $18,000 per year ($70,500). The calculations were based on a period running from appellant's termination in August 1987 to a week before the July 1991 trial. Additionally, appellant's attorney claims he earned $48,534.50 in fees representing 459.65 hours of billable time spent in preparation for appellant's trial.

Shortly after her termination, appellant filed a complaint with the Missouri Commission on Human Rights. She was issued a right-to-sue letter by that body in March 1988 and commenced the instant civil suit. Appellant's case was tried to a jury in the Circuit Court of St. Louis County.

Additional facts will be developed as necessary.

### Standards

In employment discrimination actions brought under the Missouri Human Rights Act, Missouri courts have adopted federal case law from Title VII cases as well as state case law interpreting analogous discrimination statutes from other jurisdictions. *Midstate Oil v. Missouri Comm'n on Human Rights*, 679 S.W.2d 842, 845–46

(Mo. banc 1984); *Laclede Cab v. Comm'n on Human Rights*, 748 S.W.2d 390, 393–94 (Mo.App.1988); *Missouri Comm'n on Human Rights v. Southwestern Bell Telephone*, 699 S.W.2d 75, 77–78 (Mo.App. 1985). *Midstate Oil, Laclede Cab*, and *Bell Telephone* dealt with chapter 296 of the 1978 Missouri Revised Statutes. Those statutes were the predecessors of Missouri's current Human Rights Act. § 213.-010 et seq., RSMo 1986. Federal case law and state case law from other jurisdictions continue to offer guidance under the current Human Rights Act. *See, e.g., Pickett v. Emerson Electric*, 830 S.W.2d 459, 460 n. 1 (Mo.App.1992). However, Missouri courts have departed from federal case law where that law is not in accord with the thrust of our own state's statute. *Id. See generally State ex rel. Tolbert v. Sweeney*, 828 S.W.2d 929 (Mo.App.1992) (finding no constitutional or statutory right to a jury trial under the Missouri Human Rights Act).

### Appeal

We decline addressing appellant's points because based on respondent's cross-appeal, we are remanding the case to the trial court for a new trial.

### Cross Appeal

■ Respondent raises four points on cross appeal. The judgment in this case was entered on July 5, 1991. Respondent filed its conditional motion for a new trial on July 22, 1991.[1] The new trial motion conditioned its submission upon the success of either appellant's motion for a new trial on damages only or appellant's motion for additur. Because the trial court overruled both motions, respondent's new trial motion is treated as withdrawn. In order to properly preserve a point on appeal, a timely post-trial motion must be filed. *Mosher v. Levering Investments, Inc.*, 806 S.W.2d 675, 676 (Mo. banc 1991) [5]. Because respondent's new trial motion was withdrawn, respondent effectively failed to file

---

1. Appellant erroneously argues that respondents new trial motion was not timely filed. A review of the record indicates that the fifteenth day

after entry of judgment fell on a Saturday giving respondent until the following Monday, July 22, 1991, to file its response. *See* Rule 44.01(a).

a new trial motion, and we are limited to plain error review of respondent's points.

■ Rule 84.13(c) provides that plain error review is available whenever manifest injustice or a miscarriage of justice occurs. We believe that the trial court committed plain error in allowing a case brought under the Missouri Human Rights Act to be tried to a jury.

The current Human Rights Act became law in 1986 and replaced chapter 296. The Human Rights Act offers alternative procedures for resolution of discrimination claims. One procedure allows a claim to be heard by the Commission on Human Rights and the alternative procedure allows the claimant to request a right-to-sue letter from the Commission if after 180 days the Commission has not resolved the matter. *See* § 213.111.1, RSMo 1986. In the instant case, we confront a situation in which appellant obtained a right-to-sue letter and proceeded in the circuit court.

The Southern District of this court has considered the question of whether a constitutional or statutory right exists under the Missouri Human Rights Act to a trial by jury. In *Tolbert v. Sweeney*, 828 S.W.2d 929 (Mo.App.1992), the court held there was no constitutional or statutory right to a jury trial under the Missouri Human Rights Act. The case came before the court in the context of a writ demanding a jury trial. *Id.* at 930. The court concluded that even if only monetary relief is sought there was no constitutional or statutory right to a jury trial. *See id.* at 930–35. The Eastern District considered the question of a jury trial under the Missouri Human Rights Act in the case of *Picket v. Emerson Electric*, 830 S.W.2d 459 (Mo.App.1992). We extended *Tolbert* by holding it reversible error to try a case brought under the Missouri Human Rights Act to a jury. *Id.* at 460. In light of the precedent in Missouri, we now hold that it is plain error for a case brought under the

Missouri Human Rights Act, even if requesting only monetary relief, to be tried to a jury and reverse and remand accordingly.[2]

Respondent's next point was included in its conditional motion for a new trial. We review this point to offer guidance to the trial court upon remand. Respondent argues that pieces of evidence demonstrating appellant's predisposition to typographical errors were erroneously excluded from evidence. The evidence was excluded by the trial court because respondent's president did not see this evidence before he terminated her.

■ The instant case is denominated a "mixed-motives" employment discrimination case. A mixed-motives case exists when the employer arguably fired the plaintiff for legitimate reasons as well as an impermissible discriminatory reason. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 1791, 104 L.Ed.2d 268 (1989). Once the plaintiff has advanced evidence of discrimination in the termination decision, the employer is responsible for advancing evidence of his legitimate motive, *Id.* at 1787–88[11], but "[a]n employer may not … prevail in a mixed-motives case by offering a legitimate and sufficient reason for its decision if that reason did not motivate it at the time of the decision." *Id.* at 1791[20]. It follows that evidence of legitimate motive in a mixed-motives case is only relevant and therefore admissible if it was known to the employer at the time he made the decision. To hold otherwise would allow employers to bolster their own decisions with evidence that played no role in terminations.

■ Respondent's president admitted that he was unaware of the excluded evidence at the time he made the termination decision. As a result, the trial court's exclusion was proper on the issue of whether the employer had a legitimate motive.

**2.** We are aware of federal cases which have construed the Missouri Human Rights Act as providing the right to a jury trial. *See, e.g., Stewart v. Yellow Freight Systems, Inc. of Indiana*, 702 F.Supp. 230, 231 (E.D.Mo.1988). *Stewart* analogies the Missouri Human Rights

Act to Title VII case law which provides the right to a jury trial in federal employment discrimination cases. These cases, while persuasive, are not binding on this court interpreting our own state statute.

However, the excluded evidence may be admissible on the issue of the appellant's duty to use reasonable diligence to mitigate damages. *See Sellers v. Delgado College*, 902 F.2d 1189 (5th Cir.1990).

Respondent's final points allege errors in the jury instructions. Because a jury should not have been impaneled in the instant case, we need not address these points.

### Attorney's Fees on Appeal

On October 5, 1992, appellant submitted a motion for attorney's fees on appeal. The Missouri Human Rights Act authorizes the award of reasonable fees. § 213.111.2, RSMo 1986. Under an analogous provision in 42 U.S.C. section 1988, the Federal courts have awarded appellate attorney's fees. The Federal courts award appellate fees when a plaintiff prevails at trial and successfully defends the judgment on appeal. *Verbraeken v. Westinghouse Electric Corp.*, 881 F.2d 1041, 1052–53 (11th Cir.1989). The award of appellate fees is restricted to the time spent pursuing successful claims on appeal. *Evans v. City of Evanston*, 941 F.2d 473, 475 (7th Cir.1991). In other words, appellant must "prevail" on an issue on appeal to be awarded appellate fees. *Id.* (quoting *Hewitt v. Helms*, 482 U.S. 755, 759, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987)). Federal authority also exists awarding appellate fees to a respondent for time spent in successful defense of claims. *Holsey v. Armour & Co.*, 743 F.2d 199, 218 (4th Cir.1984). The Missouri Human Rights Act provides "a prevailing respondent may be awarded court costs and reasonable attorneys fees only upon a showing that the case is without foundation." § 213.111.2, RSMo 1986.

In the instant case, because of the cross appeal, appellant responded to certain points of error brought by respondent and was unsuccessful in defending her judgment. Appellant, responding to the cross appeal, would only be entitled to costs if respondent's cross appeal were without foundation. However, having been presented with a similar request for appellate attorney's fees in *Pickett*, this court re-

frained from deciding the issue of attorney's fees until the completion of the prosecution of the case. 830 S.W.2d at 460. In light of *Pickett*, we believe the award of any attorney's fees before the prosecution of the claim is complete to be premature.

Reversed and remanded.

CRANDALL, P.J., and GRIMM, J., concur.