921 F.Supp. 651 (1996)
Dennis SHERER, Plaintiff,
v.
FOODMAKER, INC., Defendant.
No. 4:95CV999 CDP.
United States District Court, E.D. Missouri, Eastern Division.
April 10, 1996.
*652 James J. Logan and James E. Hopkins, Jr., McMichael and Logan, Chesterfield, MO, for plaintiff.
James N. Foster, Jr., John B. Renick, and Geoffrey M. Gilbert, Jr., McMahon and Berger, St. Louis, MO, for defendant.

ORDER
PERRY, District Judge.
This matter is before the Court on defendant's motion to strike plaintiff's demand for a jury trial. Plaintiff Dennis Sherer filed a two-count complaint alleging that he was illegally discharged by defendant Foodmaker, Inc. because he refused to "ease out" a subordinate HIV-positive employee. Count II of the complaint alleges violations of the Missouri Human Rights Act ("MHRA"), Mo. Ann.Stat. §§ 213.010 et seq. (Vernon Supp. 1995), and plaintiff has demanded a jury trial on this second count. Defendant contends that jury trial is not available under the MHRA. Because the MHRA creates legal rights and remedies for which the seventh amendment grants trial by jury, the Court will deny defendant's motion.
Defendant's motion to strike the jury demand implicates the seventh amendment to the United States Constitution, which in pertinent part provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." The Supreme Court has consistently recognized a strong federal policy favoring trial by jury and has extended the right to a jury trial beyond its historic boundaries. Turner v. Burlington Northern R.R. Co., 771 F.2d 341, 343-44 (8th Cir.1985); see also Simler v. Conner, 372 U.S. 221, 222, 83 S.Ct. 609, 610-11, 9 L.Ed.2d 691 (1963) ("The federal policy favoring jury trial is of historic and continuing strength"). The Court has also held that the seventh amendment applies "to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." Curtis v. Loether, 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974). When a statute gives rise to a claim for legal relief, even if that claim is joined with one for equitable relief, the right to a jury trial on the legal claims exists. See Tull v. United States, 481 U.S. 412, 425, 107 S.Ct. 1831, 1839-40, 95 L.Ed.2d 365 (1987); Curtis, 415 U.S. at 196 n. 11, 94 S.Ct. at 1009 n. 11. It is therefore possible that a plaintiff who may not have a right to a jury trial on a purported violation of state law if he or she were in state court may be entitled to a jury trial on the same claim in federal court. See Byrd v. Blue Ridge Rural Elec. Coop., Inc., 356 U.S. 525, 537-38, 78 S.Ct. 893, 900-01, 2 L.Ed.2d 953 (1958).
Defendant argues that the case of Stewart v. Yellow Freight Systems, Inc. of Indiana, 702 F.Supp. 230 (E.D.Mo.1988), and the cases following it, which hold that there is a jury trial in federal court under the MHRA, were wrongly decided. According to defendant, the case of Johnston v. Metropolitan *653 Life Ins. Co., No. 94-1127 (E.D.Mo., filed March 23, 1995), which found that there is no right to a jury trial in federal court under the MHRA, is a more sound decision in light of the recent interpretations of the MHRA by the Missouri state courts. The Court disagrees.
Defendant correctly notes that the Missouri courts have concluded that the MHRA does not provide for a jury trial in state court. See Pickett v. Emerson Elec. Co., 830 S.W.2d 459, 459-60 (Mo.Ct.App. 1992); State ex rel. Tolbert v. Sweeney, 828 S.W.2d 929 (Mo.Ct.App.1992). The right to a jury trial in federal court on a state statutory claim is determined as a matter of federal law, however. Simler, 372 U.S. at 222, 83 S.Ct. at 610-11, cited in Halladay v. Verschoor, 381 F.2d 100, 109 (8th Cir.1967). As the Supreme Court stated in Byrd, 356 U.S. at 537-38, 78 S.Ct. at 900-01,
[t]he federal system is an independent system for administering justice to litigants who properly invoke its jurisdiction. An essential characteristic of that system is the manner in which, in civil common-law actions, it distributes trial functions between judge and jury and, under the influence  if not the command  of the Seventh Amendment, assigns the decisions of disputed questions of fact to the jury.
(Footnote omitted). The question before the Court therefore becomes whether the MHRA provides legal relief, because, if it does, plaintiff is entitled to a jury trial under the seventh amendment.
The MHRA provides the following remedies:
The court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award the plaintiff actual and punitive damages, and may award court costs and reasonable attorney fees to the prevailing party....
Mo.Rev.Stat. § 213.111.2 (Vernon Supp. 1995). Actual damages recoverable by victims of discrimination under the MHRA may include awards for emotional distress and humiliation. Sullivan v. Curators of University of Missouri, 808 F.Supp. 1420, 1422 (E.D.Mo.1992). Punitive and actual damages such as provided for by the MHRA are traditionally issued by courts of law. See Tull, 481 U.S. at 422-25, 107 S.Ct. at 1838-40; Curtis, 415 U.S. at 195-97, 94 S.Ct. at 1008-09. In practice, plaintiffs assert a MHRA claim to take advantage of the statute's punitive damages provision; the legal claim therefore is typically central to the MHRA action. Even if the legal claim were not central to a suit under the MHRA, however, the claim would nevertheless be triable by a jury under federal law. Contrary to defendant's suggestion, the right to a jury trial under the seventh amendment "cannot be abridged by characterizing the legal claim as `incidental' to the equitable relief sought." Curtis, 415 U.S. at 196 n. 11, 94 S.Ct. at 1009 n. 11. Plaintiff therefore is entitled to have his MHRA claim heard by a jury when the case is brought in federal court.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to strike plaintiff's demand for jury trial [# 13] is denied.