**Debra L. COOK, Plaintiff/Appellant,**

v.

**ATOMA INTERNATIONAL OF AMERICA, INC., d/b/a Integram–St. Louis Seating, Defendant/Respondent.**

No. 69755.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 6, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 9, 1996.

Application to Transfer Denied
Oct. 22, 1996.

---

Michael J. Hoare & Associates, P.C., John D. Lynn, St. Louis, for Appellant.

John B. Renick, Shelley M. Roither, St. Louis, for Respondent.

PUDLOWSKI, Presiding Judge.

Debra Cook (employee) brought the present action in the Franklin County Circuit Court claiming she was discriminated against by Atoma International of America, Inc. d/b/a Integram–St. Louis Seating (employer) in violation of the Missouri Human Rights Act (MHRA) § 213.055 RSMo 1994 [1]. Employee contends that she was dismissed due to a perceived disability by employer in that she would be unable to fulfill her work related duties following an injury at work. Employee appeals the circuit court's grant of summary judgment to employer. We affirm.

In review of a summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corporation,* 854 S.W.2d 371, 376 (Mo. banc 1993). The propriety of granting summary judgment is purely a question of law; hence, appellate review is de novo and uses the same criteria as imposed by the trial court in its initial determination of the propriety of the motion. *Id.* The appellate court is not required to defer to the trial court's order. *Id.* However, in the instant case, our review is based upon the partial record which the parties submitted on appeal.

Summary judgment will be entered on behalf of the moving party when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Rule 74.04(c)(3). The movant bears the burden of establishing a right to judgment as a matter of law; any evidence presented that demonstrates a genuine issue of material fact will defeat the movant's prima facie showing. *Landes v. State Farm Fire and Casualty Company,* 907 S.W.2d 349, 353 (Mo.App. W.D.1995). A genuine issue is a dispute that is not argumentative, imaginary or frivolous; it is real. *ITT Commercial Finance Corporation,* 854 S.W.2d at 378.

If the responding party does not reply to the motion with specific facts showing that a genuine issue exists for trial or with a demonstration that judgment is incorrect as a matter of law, then summary judgment will be entered against that party. Rule 74.04(e). Here, the employee, as the claimant, must first establish a prima facie case of employment discrimination under § 215.055. Once the employee has presented a prima facie case, the burden then shifts to the employer to articulate a nondiscriminatory explanation of its actions. *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Laclede Cab Company v. Missouri Commission on Human Rights,* 748 S.W.2d 390, 393 (Mo.App.E.D.1988). If the employer is able to articulate a legitimate reason for its action, the burden shifts back to the employee to prove by a preponderance of the evidence that the reason stated was merely pre-textual. *Id.*

Decisions under the MHRA are guided by federal employment discrimination decisions as well as Missouri law. *Tart v. Hill Behan Lumber Company,* 31 F.3d 668, 671 (8th Cir.1994); *Lane v. Ground Round,*

1. All statutes contained herein are taken from RSMo 1994 unless otherwise noted.

*Inc.,* 775 F.Supp. 1219, 1223 (E.D.Mo.1991). All actions brought under the MHRA are to be tried by a judge; it is plain error to empanel a jury. *Wentz v. Industrial Automation,* 847 S.W.2d 877, 880 (Mo.App. E.D. 1992).

Employer hired employee as an assembler at its plant on December 11, 1989. As a part of her pre-employment selection, employee completed a "Medical History Questionnaire" requiring disclosure of any past problems with repetitive motion injury. Employee certified that her answers were correct and that while she had previously been employed in a job requiring significant repetitive motion tasks, no physical difficulty developed nor had she suffered from previous hand/wrist injuries and/or fractures. This certification stated that any misrepresentation would be sufficient cause for denial or termination of employment.

In January 1990, employee suffered an injury to her left hand and shoulder while at work. Two weeks following the accident, she saw the company doctor for pain in her left wrist. During the examination, employee told the doctor she previously had surgery on her right hand to correct carpal tunnel syndrome which was currently asymptomatic. Employee did not disclose this information on the pre-employment questionnaire. The company doctor diagnosed employee as having 'probable carpal tunnel syndrome' in her left hand. As treatment, she was given a splint to wear and medication to reduce the inflammation. She was also ordered not to work for a week.

This injury did not hinder employee from caring for herself, her children or her home while she was out of work. Following her work absence and re-evaluation by the company doctor, she was released to return to her position as an assembler in the plant without restrictions. Later that day, employee was advised by memorandum that she was being terminated from her position as an assembler due to the falsification of her pre-employment documents.

Employee brought suit in the circuit court alleging she was wrongfully discharged in violation of the disability[2] provisions of the MHRA § 213.010 *et seq.* Employer's motion for summary judgment based on employee's failure to make a prima facie case was granted and employee appeals to this court.

Employee claims that she was wrongfully terminated from her position as an assembler because employer perceived her as having a disability which substantially limited her ability to work. While employee acknowledges that she was not disabled, she alleges that she is entitled to relief pursuant to § 213.055 because employer treated her as if she were disabled. Employer states summary judgment is appropriate since it did not perceive employee as an individual with a disability nor did employee produce any direct evidence of discrimination.

In order to establish a prima facie case for employment disability discrimination, employee must show: (1) she is a member of a protected class because she has a disability protected by the statute, (2) employer took an adverse action against the employee and (3) evidence from which to infer that employee's protected status was a factor in employer's adverse action. *Welshans v. Boatmen's Bancshares, Inc.,* 872 S.W.2d 489, 493 (Mo.App. E.D.1994). An individual has a disability protected by the statute when a "physical or mental impairment which substantially limits one or more of a person's major life activities, a condition perceived as such, or a record of having such an impairment, which with or without reasonable accommodation does not interfere with performing the job...." § 213.010(10). Each disability under the statute must substantially limit or be perceived to substantially limit a major life activity such as "communication, ambulation, self-care, socialization, education, vocational training, employment

---

2. When possible, we use the word "disability" rather than the word "handicap" in light of the negative connotations of the word "handicap". We also note that the Missouri Code of State Regulations utilizes the term disability in its guidelines for the Handicap Discrimination Statutes as do the U.S. statutes in dealing with cases of discrimination. We encourage the use of the term "disability" as the more acceptable terminology and as a means of promoting uniformity among the statutes.

and transportation." 8 CSR 60–3.060(1)(C). Following medical treatment, both employee and the company doctor stated that employee would be able to continue her duties as an assembler without any restrictions. Employee does not meet the perceived disability case because she only suffered from a temporary injury which did not substantially limit a major life activity.

 In looking to the Federal Rehabilitation Act for guidance, we note that injuries which are merely temporary in nature are not actionable. *Paegle v. Department of the Interior*, 813 F.Supp. 61, 2 AD Cases 482, 484 (D.D.C.1993); 8 CSR 60–3.060(1)(B)1. Temporary injuries are not actionable due to their transitory nature in that the injury does not significantly limit the individual permanently. If temporary injuries were to be covered under the act, nearly any injury suffered by a person would qualify under the statute and thereby, render the act meaningless. *Lamury v. Boeing Co.*, 5 AD Cases 39, 43, 1995 WL 643835 (D.Kan.1995). An injury that is medically treatable without significant residual symptoms does not rise to the level of a disability under the MHRA because a major life activity is not permanently substantially limited and employee would be able to continue employment with reasonable accommodations. Additionally, employee did not respond to employer's non-discriminatory reason for termination of employee. Without presenting a preponderance of evidence to show that this reason was merely pre-textual, employee fails to meet her burden of proof. We choose not to recognize carpal tunnel syndrome as an actionable disability under the MHRA in this instance because both parties stated the "probable carpal tunnel syndrome" suffered by employee did not substantially impair her in performance of her duties as an assembler.

After review of the submissions of both parties, we find employee has failed to show that she was perceived by her employer to be substantially disabled in a major life activity. Employee failed to establish a prima facie case showing she is considered a member of a protected class of persons with disabilities. Since employee has failed to present sufficient evidence to meet her burden, summary judgment granted in favor of employer was not in error.

Judgment affirmed.

SIMON and HOFF, JJ., concur.